JOSEPH F. BRIGGS, Appellant, v. WILLIAM J. OLIVER, Impleaded, etc., Respondent.

An action in equity lies to foreclose a chattel mortgage.

Defendant O. purchased certain property subject to a chattel mortgage thereon held by plaintiff which O. assumed and agreed to pay, O. sold the property to defendants V. and P., with warranty of title and covenant against incumbrancers. V. and P., however, had notice of the existence of the mortgage. O. sued V. and P. for the purchase-money and obtained judgment. Plaintiff thereupon brought this action against all the parties, including the mortgagors, asking that the mortgage be paid by V. and P. out of the balance of the purchase-money, the amount paid to be allowed on the judgment, and that O. be restrained from enforcing the judgment. None of the defendants appeared except O. By the consent of plaintiff and O., and pursuant to an order in said action by O. against V. and P., they paid into court $500 of the amount of the judgment to abide the order of the court in this action. *Held*, that as no demand of judgment of foreclosure or relief looking to that end was made in the complaint no such judgment could be granted as against V. and P., they not having appeared in the action (Code, § 275); that the agreement and order requiring the payment of the money into court could not be treated as an agreement of all the parties that the fund should be a substitute for the mortgaged property, as if it had been sold on the mortgage and the proceeds brought in for distribution; but that the money was deposited to secure plaintiff in case he established a lien upon the judgment; that the action then stood as one brought by a creditor before judgment to reach the equitable assets of the debtor whose insolvency had not been shown, and as such could not be sustained.

(Argued January 22, 1877; decided January 30, 1877.)

APPEAL from judgment of the General Term of the Supreme Court in the second judicial department affirming a judgment in favor of defendant Oliver entered upon the report of a referee.

The relief asked in the complaint in this action was in substance that plaintiff recover the amount of a chattel mortgage held by him, that the amount thereof be paid by defendants, Van Sicklen and Pickering, out of the amount in their hands remaining unpaid upon a judgment obtained by defendant Oliver against them, and that said Van Sicklen and Pickering

be enjoined from paying, and said Oliver from enforcing the said judgment until the further order of the court. The defendant Oliver only appeared and answered. The complaint alleged and the referee found, in substance, as follows:

On the 7th day of December, 1872, certain parties sold and delivered to the defendants, Arthur B. Proctor and C. Warren Hamilton, certain personal property. The purchasers, to secure the payment of the purchase-price, executed a chattel mortgage upon the property by which the amount secured was agreed to be paid in four annual installments. Said mortgage was not filed in the office of the town clerk where the mortgagors resided at the time of its execution; it was assigned to the plaintiff, and is now held by him.

Hamilton sold and conveyed his interest in the mortgaged property to Proctor, who agreed to pay said mortgage.

On or about August 27, 1873, said Proctor sold and conveyed said mortgaged property to the defendant William J. Oliver, subject to said mortgage, and said Oliver agreed to pay the moneys secured by and unpaid upon said mortgage as part of the consideration of the purchase by him. Oliver afterward sold and delivered said mortgaged property to the defendants, Richard Pickering and A. H. W. Van Sicklen, and warranted the title thereto, and that the same was free from incumbrance. Pickering and Van Sicklen, however, had notice of said mortgage, and of the amount claimed to be due thereon, before they completed their purchase. Oliver recovered a judgment in the County Court of Kings county against Van Sicklen and Pickering, on the 9th day of June, 1874, for $800.84 (part of the purchase-price of said mortgaged property), and by the consent in this action of the plaintiff and the defendant, Oliver, and pursuant to an order made therein, the defendants, Pickering and Van Sicklen, have paid into court $500 of the amount secured by said judgment, to abide the order of the court in this action. That there was due upon the mortgage $300 and interest, and there remained unpaid and not due $150 and interest.

The referee also found that the evidence failed to show

that Oliver was insolvent, and upon these facts he directed a judgment dismissing the complaint. Judgment was perfected accordingly.

*John H. Bergen* for the appellant. Plaintiff's only remedy is an equitable one. (1 Barb. Ch., 189, 217; *Hudson* v. *Reeve,* 1 id., 92; *Am. Ins. Co.* v. *Fisk,* 1 Paige, 90; 1 Black., 61, 62.) Defendant holds the funds in suit as trustee. (*Randall* v. *Cockran,* 1 Ves., Jr., 98; *Varet* v. *N. J. Ins. Co.,* 7 Paige, 560.) The court of equity having obtained jurisdiction may entertain the case for purposes of relief. (Story's Eq. Jur., §§ 64, 66; 10 J. R., 587; 7 Paige, 451, 560; *King* v. *Baldwin,* 17 J. R., 384; *Rathbone* v. *Warren,* 10 id., 586; *Conro* v. *Pt. H. Iron Co.,* 12 Barb., 61.)

*Henry C. Place* for the respondent. A court of equity will not interfere in a case like the present. (*Sebring* v. *Lant,* 9 How., 346; *Wills* v. *Ray,* 30 Barb., 549; *Wiggins* v. *Armstrong,* 2 J. Ch., 144; *Dunleary* v. *Talmadge,* 32 N. J., 457; *Beardsly* v. *Foster,* 36 id., 561.)

ANDREWS, J. The mortgage was in part due when this action was commenced. The plaintiff's title to the mortgaged property had become absolute at law by the default of the mortgagor. Van Sicklen and Pickering had notice of the mortgage when they purchased, and the omission to file it did not affect the rights of the plaintiff. The plaintiff could have taken the property under the mortgage, and have extinguished the equity of redemption by a sale under the power. He had also a remedy against the defendant Oliver, upon his covenant to pay the mortgage made on his purchase of the property from Proctor. The covenant inured to the benefit of the mortgagees and their assignee. The plaintiff could also have brought an action to foreclose the mortgage, joining Oliver as one of the defendants, with a view to obtaining a judgment against him for the deficiency in case the mortgaged property was insufficient to pay the mortgage debt. That an

action in equity lies to foreclose a chattel mortgage, admits, we think, of no doubt. The remedy by sale under the power without resort to judicial proceedings, is in most cases a more speedy and effectual means of extinguishing the equity of redemption, and has to a great extent superseded a resort to an action of foreclosure. But the right to foreclose by action has not been taken away. In case of a pledge, the right of a pledgee to come into equity to obtain a decree for the sale of the pledge exists, although a valid sale may be made without judicial action or decree. The same rule applies in respect to a mortgage of chattels. (Coote on Mortgages, 237; *Hart* v. *Ten Eyck*, 2 J. Ch., 99; *Slade* v. *Rigg*, 3 Hare, 35; *Charter* v. *Stevens*, 3 Den., 35.)

The complaint contains the averments necessary in an action to foreclose the mortgage, and all the necessary parties were brought in: the plaintiff as assignee of the mortgage; Proctor and Hamilton the mortgagors; Oliver, the purchaser from Proctor and Hamilton, and Van Sicklen and Pickering, who purchased from him with warranty of title and covenant against incumbrances, and who held the equity of redemption. But the action was not brought as an action of foreclosure. It was brought, as the demand for relief plainly shows, to intercept the money due upon the judgment obtained by Oliver against Van Sicklen and Pickering, for the purchase-price of the mortgaged chattels, and to compel its application upon the mortgage debt. Van Sicklen and Pickering did not answer, and suffered a default. Oliver answered, and the trial was had upon the issues between the plaintiff and Oliver. The plaintiff in his complaint does not demand judgment of foreclosure, or any relief looking to that as the purpose of the proceeding.

Section 275 of the Code is decisive against the granting of such a judgment in the action, as against Van Sicklen and Pickering, and the case cannot be sustained as an action to foreclose the mortgage, unless the payment into court by Van Sicklen and Pickering of $500, after suit commenced obviates the objection. The referee finds that by the consent of the

Opinion of the Court, per ANDREWS, J.

plaintiff and Oliver, and pursuant to an order made in the action of Oliver against Van Sicklen and Pickering, "they paid into court $500 of the amount secured by the judgment to abide the order of the court." If this can be construed as an agreement between all the parties to have this fund stand as a substitute for the mortgaged property, and that the court should deal with it as if the property had been sold on the mortgage, and the proceeds brought into court for distribution, the difficulty perhaps would be obviated. But the substance of the transaction was, we think, simply this: the plaintiff claimed a lien on the judgment, or a right to have the money due on it applied in payment of the mortgage, and the money was deposited to secure the plaintiff if he should succeed in establishing his claim, and Van Sicklen and Pickering made the deposit in obedience to the order of the court.

It is quite probable that it was for their interest to have the mortgage paid out of this fund, but this does not touch the question whether the action brought for a different purpose could be maintained as an action of a foreclosure, they, so far as appears, not consenting thereto or waiving any defence they might have to the mortgage.

We think that this relief could not be granted under these circumstances. The action then stands as an action brought by a creditor, before judgment, to reach the equitable assets of his debtor, and in a case where his insolvency has not been shown. It cannot be maintained in that view within the settled doctrine on the subject. ( *Wiggins* v. *Armstrong*, 2 J. Ch., 144; *Dunlevy* v. *Talmadge*, 32 N. Y., 457; *Scythe Co.* v. *Foster*, 36 id., 560.)

The judgment should be affirmed.

All concur.

Judgment affirmed.