Pratt, J.
The defendant, Richard Crowley, on the 4th day of January, 1886, was indebted to the plaintiff on three promissory notes given for borrowed money in the sum of |5,396:42. with interest.
To secure the payment of this sum the defendants gave "to plaintiff an assignment of a certain library of books which Crowley had theretofore assigned to his sister-in-law, the defendant Corbett, Corbett executing an assignment to the plaintiff, which execution was witnessed by the defendant Crowley, and delivered by him to the plaintiff.
This assignment provided that the defendant Corbett was *651 “to hold and retain possession of said books for eight months from January 4, 1886. And if during that period the sum of the indebtedness to. said Blake now owing to him by Richard Crowley is paid or satisfied, for the payment •of which this assignment is made as security, then the conveyance to be null and void.”
Both of the defendants were joined in the suit and .answered separately admitting the original indebtedness and the making of the assignment. Isabella Corbett alleged on information and belief that the indebtedness had been satisfied before the commencement of the action. The defendant Crowley set up a counter-claim.
On motion of the defendants, the case was tried before a jury.
We think the judgment against the defendant Corbett must be affirmed.
The assignment was in the nature of a mortgage, arid was given to secure the indebtedness expressed by the notes of the defendant Crowley. Instead of taking possession of the property, and foreclosing the mortgage in that form, the plaintiff elected to bring a suit in equity.
This he had a right to do. 68 N. Y., 336.
The appeal upon the part of the defendant Corbett seems to be without any merit whatever, as the indebtedness was proved, and she gave no evidence in support of her allegations that it had been satisfied. Judgment of ' foreclosure and sale must, therefore, be affirmed.
At the close of the plaintiff’s case, the court dismissed the complaint as against the defendant Crowley, with costs.
We think the defendant Crowley was properly made a party to this action; he was the principal debtor and the mortgage ’ was given to secure his indebtedness to the plaintiff.
The amount due from Crowley to the plaintiff had to be ascertained and settled before judgment could be had in* the case. Section 1790 of the Code of Civil Procedure provides for precisely this case.
He was served with the summons and was liable for the amount of the lien, and it was proper to award as against him a judgment for any deficiency that might arise under the sale of the books.
This was an action in equity, and it was proper for the •court to settle all the questions there were between the parties arising out of this transaction.
We think the judgment dismissing the complaint as against Crowley was error, and it must be reversed.
A new trial ordered as to the defendant Crowley, costs to abide the event.
Barnard, P. J., concurs; Dykman, J., not sitting.