BENNETT ET AL. V. REEF ET AL.

16  431<br>23  396

1. FORECLOSURE OF CHATTEL MORTGAGE IN EQUITY — INJUNCTION IN
AID.— In a suit in equity against the administrator of an estate to
foreclose a chattel mortgage upon the property executed by the de-
ceased in his life-time, the granting of an injunction against the
disposal of the property pending the foreclosure proceeding in no
way affects the jurisdiction of the court, or the validity of the ac-
tion to foreclose, on the merits of the controversy. The power of
sale contained in such a mortgage does not prevent its foreclosure by
an action brought for that purpose.

2. A WIDOW'S ALLOWANCE DOES NOT TAKE PRECEDENCE OF A MORT-
GAGE LIEN.— Where an honest debt has been created by the hus-
band in his life-time, and mortgage of the personal property given
to secure its payment, the mortgage lien takes precedence of the
widow's statutory rights upon his death, and only the remaining
equity after payment thereof passes to the estate. It is only unin-
cumbered property to which the widow's right attaches irrespective
of the husband's debts.

3. PLEA OF FRAUD AND DEMAND FOR PRODUCTION OF BOOKS.— In an
action to foreclose a chattel mortgage, a plea that the mortgage was
obtained by fraud and misrepresentation, without specifying in what
it consisted, is faulty; so, likewise, a general demand for the produc-
tion of all defendants' books of accounts, without specifying any
particular book, or accompanied by a statement that any book was
expected to show anything to impeach the indebtedness claimed, is
insufficient to constitute its denial a reversible error.

*Appeal from District Court of Garfield County.*

THIS action was first commenced by appellees in the
county court, where a trial was had resulting in a judgment
in favor of the plaintiffs; appeal was taken to the district
court, and trial had with the same result. It is alleged in
the complaint that on the 8th of December, 1887, one
George W. Sagers was indebted to plaintiffs in the sum of
$1,100, for which he made a promissory note payable one
year after date, which was secured by chattel mortgage
upon a pre-emption claim of one hundred and sixty acres
of government land and ninety-four head of range cattle
and other stock. That the mortgagor died in the early

part of September, 1888, leaving no property except that
covered by the mortgage. Appellant Rachel Sagers is the
widow of George W. Appellant Bennett was appointed
administrator of the estate, and on September 27, 1888,
filed in the office of the county clerk an inventory of the
property consisting of the pre-emption claim above men-
tioned, seven head of horses, eighty head of range cattle
and some other property. That on the date of the filing
of the inventory appraisers were appointed, the property
subsequently appraised at $1,695.45, and that such apprais-
ers also appraised the property supposed to be allowed by
law to the widow at $1,985. That the widow in writing
relinquished all right to the property assigned her save two
horses of the value of $200, and elected to take instead the
improvements upon the land, seventy-five head of stock
cattle, two mares and one colt, being the same property
alleged to have been covered by the mortgage. The prop-
erty elected by her to be taken was of the appraised value
of $1,499.45. That the only remaining property belonging
to the estate was seventy-five or eighty head of calves or
young cattle which were included in the chattel mortgage.
The widow and administrator resisted the claim of the
mortgagees, contending that the widow was entitled to
hold the property relieved of the mortgage executed by the
husband. The complaint asked for a foreclosure under the
chattel mortgage and for an injunction to restrain the sale
and disposition of any of the mortgaged property by the
widow or administrator. An answer was filed traversing
each important allegation contained in the complaint. It ·
was also averred that, if any note as described in the com-
plaint, was made, it was without consideration, and was ob-
tained by fraud and misrepresentation, and was void. An
injunction as prayed was granted in the county court.

Mr. H. P. BENNETT and Mr. J. E. HAVENS, for appellants.

Mr. J. W. TAYLOR and Mr. A. M. STEVENS, for appellees.

REED, C.  There are several errors assigned; the first, which seems to be regarded by appellants as the most important, was want of jurisdiction in the county court.  It is not shown, nor claimed, that the amount involved exceeded the statutory jurisdiction of the court; the jurisdiction is principally attacked by reasons of the granting of the injunction in aid of the proceeding.  Counsel labor under an apparent misapprehension and confound the ancillary and assistant writ of injunction with the trial and determination of the suit upon the merits.  The granting or refusing to grant or dissolve an injunction could not vitiate nor in any way affect the finding and decree upon the merits of the controversy, if properly tried and otherwise regular, being only an incidental or subsidiary proceeding.  If illegally or improvidently granted and injury resulted, the remedy may be sought in another direction. It in no way ousted the court of jurisdiction to hear and determine the issues.  It is not absolutely necessary to determine for the purposes of this case the question of the power of the county judge to grant an injunction in the premises, nor the regularity of such injunction, nor any other matters pertaining solely to liability upon the injunction bond.

There having been no default in payment during the life-time of deceased, and the property having passed to the administrator before the maturity of the debt,— had there been an attempt on the part of the mortgagees to reduce the property to possession and dispose of it to discharge the debt, an important legal question would have been presented that we are now relieved from considering. This proceeding in equity, in which the administrator was made a party, may properly be considered as one to determine the respective rights of the parties and establish the lien upon the property in the hands of the administrator or the widow, and subject it to the payment of the debt, if the debt and validity of the mortgage were properly established.  The power of sale contained in the mort-

gage would not preclude the mortgagees from proceeding in equity to foreclose, had the mortgagor been living. Jones on Chat. Mortgages, secs. 776, 777; Coote on Mortgages, 237; *Slade v. Rigg*, 3 Hare, 35; *Hart v. Ten Eyck*, 2 John. (N. Y.) Ch. 99; *Charter v. Stevens*, 3 Den. (N. Y.) 35; *Briggs v. Oliver*, 68 N. Y. 339. And it certainly became a proper proceeding after his death. The complaint appears to contain all the necessary averments for the purposes of the foreclosure, and all necessary parties were brought in. The contention that there was a want of jurisdiction cannot be sustained.

The plea of want of consideration was not sustained by any evidence. The plea of fraud and misrepresentation in obtaining the note was faulty in being too indefinite, not specifying in what the fraud and misrepresentation consisted; but it was regarded by the court apparently as being sufficient to put the plaintiff upon proof of the *bona fides* of the transaction. The correctness and regularity of the debt were sufficiently established and were not seriously controverted. There was quite an effort made on the part of defendants to obtain in some manner evidence to impeach the transaction. Error is assigned upon the failure of the court to compel a production of all of plaintiffs' books of account. We think the court and plaintiffs went fully as far as required to in that direction. There was no demand for any particular book, nor any statement that any book was expected to show anything that would impeach the note, it seemed rather on the part of counsel a praiseworthy desire to discover something that would aid them. If all the books had been presented, and it had been found that the aggregated accounts there entered did not amount to the face of the note, it would have been at best but negative testimony to attack or cast doubt upon the consideration.

We think counsel do the court injustice in the ninth assignment, where it is said: " The court refused to allow the defendants to impeach the consideration of the note and

mortgage." Considering the pleading and the manner in which it was sought to impeach the transaction, the court seems to have given fully as great latitude as could have been expected.

We do not think that there were any substantial errors committed in the reception or rejection of the testimony. The court was warranted by the evidence in finding that the deceased was indebted in the amount for which the note was given, and that the property in controversy had been mortgaged to secure the payment. It cannot be successfully contended that if there was an honest indebtedness, and the property claimed by the widow had in the lifetime of the husband been mortgaged and pledged to its payment, that such disposition of it would not take precedence of the right of the widow. Her right was only to the equity remaining after the payment of the mortgage. Had the property been unincumbered at the time of the decease of the husband, the widow would have been entitled to a certain amount of property regardless of debts, to be selected from that of the estate; but being mortgaged, and to that extent disposed of by the husband, the property did not pass and become a part of the estate, but only the equity remaining passed. This is so well established and elementary that no authorities are needed in its support.

We advise that the judgment of the district court be affirmed.

RICHMOND and BISSELL, CC., concur.

PER CURIAM. For the reasons stated in the foregoing opinion the judgment is affirmed.

*Affirmed.*