James Queen, Appellant, *v.* Charles E. Fryer, Respondent.[*]

First Department, May 1, 1931.

*Harry L. Kreeger* [*William Roth* with him on the brief; *Harry L. Kreeger*, attorney], for the appellant.

*Philip Lerman* [*Lowen E. Ginn* with him on the brief], for the respondent.

Townley, J. The action is brought by plaintiff to foreclose a lien on certain promissory notes pledged with him as collateral.

On January 21, 1926, plaintiff loaned the defendant $6,000 and took as collateral security for the repayment of such loan certain promissory notes payable to the defendant. Part of these notes were payable on June 22, 1926, and the balance were payable June 22, 1927. No part of the original loan has been paid and the entire amount, with interest, has been due since the 21st day of April, 1926. On July 16, 1926, defendant, representing himself still to be the owner and holder of the notes previously pledged to the plaintiff as collateral, obtained a payment on account of such notes in the sum of $10,000, and later in September of 1926 obtained a further payment in the amount of $3,000, all of which

[*] Revg. 136 Misc. 466.

money was retained by the defendant. Plaintiff brought this action to foreclose his lien upon the collateral notes and have them sold under the direction of the court.

The court at Special Term, after a trial in which the facts above referred to were established without substantial contradiction, dismissed the plaintiff's complaint and ordered that the collateral notes be deposited with the clerk of the court; that the defendant be authorized to maintain an action to enforce collection of the same and that the proceeds thereof, up to the amount of $6,000, be paid to the plaintiff in satisfaction of his loan. The decision was based upon *Wheeler* v. *Newbould* (16 N. Y. 392) and *Brightson* v. *Claflin* (225 id. 469). Both these authorities were interpreted as holding that no right of action exists in favor of the pledgee of negotiable paper to enforce foreclosure of his lien and sale of the pledge. Neither authority supports this contention. *Wheeler* v. *Newbould* (*supra*) involved only the question of the right of a pledgee of commercial paper to sell on his own motion without judicial decree. *Brightson* v. *Claflin* (*supra*) involved only the right of a pledgee to sell pledged stock without crediting the borrower with the money received by the pledgee as dividends on that stock. Neither case involved the right to sell under judicial decree.

The inherent right of a court of equity to deal with pledges and liens is one of the oldest heads of equity jurisprudence. The right of a pledgee to maintain such an action was expressly recognized in *Briggs* v. *Oliver* (68 N. Y. 336, 339), where ANDREWS, J., wrote: " The right of a pledgee to come into equity to obtain a decree for the sale of the pledge exists, although a valid sale may be made without judicial action or decree." (See, also, *Stearns* v. *Marsh*, 4 Den. 227, 230, and Jones Pledges [1883], § 640.)

The claim was advanced in the court at Special Term, and is urged here, that negotiable paper, because of its peculiar character and the danger of its being sacrificed for an inadequate sum, may not be the subject of foreclosure and sale and constitutes an exception to the general rule. The question of whether or not foreclosure of this type of collateral may be ordered under judicial decree has never been authoritatively determined in this State, although it has been passed on in other jurisdictions. In *Donohoe* v. *Gamble* (38 Cal. 340) the court had under consideration the exact questions which are the subject for consideration here. The action was one to foreclose a lien upon promissory notes. The court in a very able and well-considered opinion upheld the right of the plaintiff to maintain such action. The contention of the defendant in that case was almost identical with that urged here. It was stated by the court in its opinion (at p. 350) as follows: " It is insisted

that a pledge of commercial paper, such as notes, bonds and bills, stands upon a different footing, on account of their peculiar nature; that in the absence of a contract to that effect, authorizing a sale of them, the pledgee has no power to sell them or cause them to be sold by a decree of a Court or otherwise, and can only make them available by collecting them in due course of law." The court after considering these objections said in conclusion (at p. 354): " He * * * may go into equity for a foreclosure and sale of the note for whatever it will bring in the market at a judicial sale. The pledgor has due notice of the proceeding, and if the security should bring an inadequate price at the sale, it will be his misfortune, which he might have guarded against by a proper stipulation in the contract."

In *Clark* v. *Chapman* (215 Mich. 518), where the subject of the pledge was a bond and mortgage, the court in its opinion (at p. 527) says: " The general rule appears well settled that the door is open for a pledgee to apply to the Chancery Courts for determination of rights between him and his pledgor and for a decree authorizing sale of the pledged property under direction of the court; and the court has authority to entertain the same on proper showing, pass upon the merits of the application and, on good cause shown, may in its discretion authorize sale of the pledge, under proper restrictions imposed in advance; can after sale inquire into its fairness and the sufficiency of the amount bid, and may reject or affirm the same in the exercise of its equitable jurisdiction."

We are satisfied that no compelling reason exists for the refusal by a court of equity to entertain jurisdiction of such an action and grant or refuse relief as the facts of the case may require. Certainly, the character of the pledge and concern for the defendant afford no reasons for denying to the pledgee reasonable resort to his collateral as a means of collecting his debt from a defaulting debtor.

There remains for consideration only the question of whether the facts in this case justify granting relief to this plaintiff. The plaintiff's debt has remained unpaid for over five years. The collateral notes have remained unpaid for substantially the same period. Certainly, there is no reason to believe that the plaintiff will have his debt paid by the voluntary act of either the defendant or the makers of the collateral notes.

Defendant's absolute lack of good faith has been demonstrated. He has collected $13,000 on the collateral notes, after pledging them to the plaintiff, and appropriated the entire amount. This was done without the knowledge of the plaintiff. He accomplished this by falsely representing that he still held the notes. His conduct

in this connection deprives him of all right to consideration in a court of equity and plainly entitles the plaintiff to enforce the only remedy which offers any hope of recovering a just debt concededly due. The judgment appealed from not only denied foreclosure to the plaintiff but deprived him of his collateral and transferred to his debtor the right to enforce payment thereof. This judgment was clearly wrong and must be reversed.

The judgment appealed from should be reversed, with costs, and judgment directed for the plaintiff for the relief demanded in the complaint, with costs.

FINCH, P. J., MERRELL, O'MALLEY and SHERMAN, JJ., concur.

Judgment reversed, with costs, and judgment directed for the plaintiff for the relief demanded in the complaint, with costs. Settle order on notice, reversing findings inconsistent with this determination and containing such new findings of facts proved upon the trial as are necessary to sustain the judgment hereby awarded.