## JAMES L. ORD, Respondent, *v.* WILLIAM H. McKEE, U. P. MONROE, and THEO. D. FELT, Appellants.

5  515,
85  307
5  515
86  529
5  515
109  49

The note sued on, payable to the plaintiff, although it describes him as agent of another, does not take away the right of the agent to sue in his own name at law.

The question, whether the plaintiff had the right to go into equity, and foreclose the mortgage given to the principal to secure the note, depends upon the fact, whether he was really interested in the subject matter.

A mortgage is a mere incident to the debt which it secures, and follows the transfer of the note with the full effect of a regular assignment.

A copy of a mortgage is not admissible as evidence, where the absence of the original is not accounted for.

It is the duty of a Court of Equity, when all the parties to a controversy are before it, to adjust the rights of all, and leave nothing open for future litigation, if it can be helped.

A note was executed to O., as the agent of M., and the mortgage to secure the note was made to M. O., under a contract with M., was entitled to one-half of the note. *Held*, that O. having a right to the note, had a right to foreclose the mortgage.

O. is not entitled to a decree for the full amount of the note; but the decree should order a foreclosure of the mortgage, and direct the money to be paid over to a Master, to be appointed for the purpose, to distribute it equally between O. and M., and if the amount should be insufficient, to pay the amount found due, then the Court should render judgment for one-half of the deficiency in favor of each, severally.

APPEAL from the District Court of the Ninth Judicial District, Colusi County.

This was an action for the foreclosure of a mortgage made by defendants, Monroe and Felt, to McKee, to secure the payment of three promissory notes made by Monroe and Felt to James L. Ord, agent of William H. McKee, for the purchase price of lands owned by McKee.

Ord held a power of attorney to sell all lands belonging to McKee situated in the Sacramento valley. Accompanying this power of attorney, was an agreement that Ord should be entitled to the one-half of all the profits arising from the sale of the lands.

The remainder of the facts material to the points decided appear in the opinion of the Court.

*George R. Parburt,* for Appellants.

*L. Aldrich,* and *Harmon & Sunderland,* for Respondent.

No briefs on file.

HEYDENFELDT, J., delivered the opinion of the Court. MURRAY, C. J., concurred.

The note sued on in this case was payable to the plaintiff, and although it described him as agent of McKee, this did not take away his right to sue in his own name at law. Then, to entitle him to go into equity and seek a foreclosure of the mortgage, depended simply upon the fact, whether he was really interested in the subject matter.

It is not disputed, that by the contract with McKee, he was fully entitled to one-half of the note; nor can his right of action be defeated on the ground that the mortgage to secure the payment of the note was made to McKee and not to himself. A mortgage is a mere incident to the debt which it secures, and follows the transfer of a note with the full effect of a regular assignment. Ord having the right to the note, had undoubtedly a right to foreclose the mortgage.

The defense set up as to the agreement between McKee and Munroe, was not properly substantiated by the evidence. The Court properly refused the introduction of a copy of a mortgage, when the original was not accounted for; and so also with the letter of attorney from Walter to St. John; and thus, it does not appear by what authority Munroe paid to St. John the money alleged to have been paid on account of his agreement with McKee upon the mortgage of Walters. The only remaining question for consideration is, whether the Court below erred in rendering judgment, for the whole amount of the sum due on the notes, in favor of the complainant. From the allegations of his bill it is clear, that he is only entitled to one-half of the amount, and that is all he seeks to recover.

If, under this judgment, he should collect the whole amount, he would be answerable to McKee for the other half, and this would be productive of another action. It is the duty of a Court of Equity, when all the parties to a controversy are before it, to adjust the rights of all, and leave nothing open for future litigation, if it can be helped.

The decree must be here modified, so as to order a foreclosure of the mortgage, and have the money paid over to a Master, to be appointed for the purpose, to distribute it equally between the complainant, Ord, and the defendant, McKee, and upon the report of the Master to the Court below, if the fund provided from the sale is insufficient to pay the amount found due, then the District Court will render judgment for one-half of the deficiency in favor of each, Ord and McKee, severally.

Ordered accordingly.