[No. 12790.   In Bank.—November 16, 1888.]

## PACIFIC MUTUAL LIFE INSURANCE COMPANY, Respondent, *v.* DUDLEY SHEPARDSON et al. T. I. TALBOT, Appellant.

Mortgage — Promissory Note — Default in Payment of Interest — Option — Pleading — Demurrer.— The action was brought to foreclose a mortgage securing a promissory note, which provided that "in case default be made in the payment of the interest as the same becomes due, . . . . then the whole principal and interest shall, at the option of the holder hereof, become at once due and payable." At the time of the commencement of the action, the note had not reached maturity. The complaint alleged, however, that no part of the principal or interest had been paid, and that by reason of the default in the payment of the interest, the plaintiff, in the exercise of his option, had declared all sums secured by the mortgage immediately due and payable. *Held,* that as the complaint stated a good cause of action for the recovery of the interest due, its sufficiency as stating a cause of action for the recovery of the principal could not be raised on a demurrer for failure to state facts sufficient to constitute a cause of action.

Appeal from a judgment of the Superior Court of Colusa County.

The facts are stated in the opinion of the court.

*J. W. Goad,* and *Richard Bayne,* for Appellant.

*C. N. Fox,* for Respondent.

Works, J.—This is an action against the defendants, Dudley Shepardson and Minnie Shepardson, his wife, to recover upon two notes executed by them to the plaintiff, and to foreclose two mortgages given to secure the same. T. I. Talbot was made a defendant, he being a subsequent encumbrancer. There was a separate demurrer by Talbot to the complaint, which was overruled, and judgment and decree entered against the defendants, Talbot making no defense. Talbot alone appeals from the judgment.

The appellant presents but one point in his brief. He claims that his demurrer should have been sustained on the ground that it appeared on the face of the complaint

that the debt sued for was not due, and therefore the action was prematurely brought. The note set forth in the first count bears date December 15, 1883, and is made payable three years after date. It fixes the rate of interest, provides that it shall be payable annually, and recites further: "In case default be made in the payment of the interest as the same becomes due according to the terms hereof, then the whole principal and interest shall, at the option of the holder hereof, become at once due and payable." The complaint, filed December 15, 1886, alleges that "no part of the principal or interest on said note has been paid, and that, by reason of default in the payment of the interest, the plaintiff, in the exercise of the option given in said note and mortgage, has declared all sums secured by said mortgage immediately due and payable." The appellant urges upon us that, as the note could only become due upon failure to pay interest, at the option of the holder, such option must be exercised immediately. The case of *Crossmore* v. *Page*, 73 Cal. 213, is cited as supporting this view. The point presented and decided in the case referred to was, that the failure to exercise the option within a reasonable time was a waiver of the right, as against an indorser, to enforce the payment of the whole of the principal and interest called for in the note. No such question is presented here. The only ground of demurrer, properly pleaded, is, that the complaint does not state facts sufficient to constitute a cause of action. The complaint constitutes a cause of action for the recovery of the interest. Whether anything more could have been recovered could not be raised by demurrer. The promise to pay the interest annually was absolute. The only question left to the option of the holder was, whether, upon the failure to pay such interest, the whole amount of principal and interest should immediately become due and payable, without any act on the part of the holder showing his election to exercise the option given him. The case as

presented does not call for a decision of this question, but we think the case of *Whitcher* v. *Webb*, 44 Cal. 127, determines it adversely to the appellant. The judgment appealed from is affirmed.

SEARLS, C. J., SHARPSTEIN, J., THORNTON, J., PATERSON, J., and McFARLAND, J., concurred.