[Sac. No. 1378.   In Bank.—October 3, 1907.]

# GEORGE SWAN, Respondent, v. JAMES R. TALBOT, Appellant.

PRACTICE—DISQUALIFICATION OF JUDGE—BIAS—HEARING OF MOTION.— It is the duty of a trial judge to hear and determine a motion to call in another judge to try a case, which was made on the ground that he was disqualified by reason of bias against the defendant and his attorneys and was prejudiced in favor of the plaintiff's attorneys; and while it is his duty to grant the motion should bias or other disqualification be shown, still it is equally his duty to deny the motion and to sit in the case himself, if in his judgment the disqualifying cause alleged is not sufficiently established by the evidence.

PLEADING—COMPLAINT—DEMURRER.—If a complaint states a cause of action addressed either to the legal or equitable side of the court, it is good as against a general demurrer.

CANCELLATION—BILL OF SALE—INTOXICATION OF SELLER—INADEQUACY OF PRICE—ACTION IN EQUITY—JURY.—An action praying for the cancellation and rescission of a bill of sale of personal property, which had been taken possession of by the defendant, to be restored to the possession of the property, and in case possession could not be had, for compensation for the value of the property withheld, brought on the ground that the defendant had knowingly taken advantage of the plaintiff while the latter was so intoxicated as to be incapable of transacting business, and under such circumstances had secured his signature to the bill of sale for a grossly inadequate consideration, is an action in equity, in which the defendant is not entitled to a jury trial; and the mere fact that the plaintiff has a remedy at law does not oust the court of its equitable jurisdiction.

ID.—CONTRACT OF DRUNKARD—WHEN EQUITY WILL SET ASIDE.—While equity will not assist a man to avoid a contract which he has entered into when drunk merely because when in his sober senses he may wish he had not entered into it, still it will not countenance fraudulent imposition, and gross inequality in the consideration moving to and that moving from the drunken party is always received as evidence of imposition justifying the interference of equity to set the contract aside.

ID.—JURISDICTION TO AWARD PECUNIARY COMPENSATION.—In such an action, when the court found for a rescission of the bill of sale and also that it was impracticable to decree a return of the property, it was within its jurisdiction thereupon to state and settle the account between the parties, and to award a personal monetary judgment against the defendant for the difference, although such relief was not specifically prayed for in the complaint.

APPEAL from a judgment of the Superior Court of Glenn County and from an order refusing a new trial.   Oval Pirkey, Judge.

The facts are stated in the opinion of the court.

E. A. Bridgford, Hiram W. Johnson, Ben F. Geis, and Frank Moody, for Appellant.

Frank Freeman and Charles L. Donohoe, for Respondent.

HENSHAW, J.—Plaintiff sued for the cancellation and rescission of a bill of sale which he had executed to defendant, and under which defendant had taken possession of the personal property therein described.   He prayed that he be restored to the possession of the property and in case possession could not be had, be compensated for the value of the property withheld.   The ground of action was that defendant had knowingly taken advantage of plaintiff while the latter was so intoxicated as to be incapable of transacting business, and, under these circumstances, secured his signature to the instrument.   It was alleged that the property conveyed was of great value, and that the consideration for the bill of sale was grossly inadequate.   The cause was tried before the court without a jury, and the court found the incompetency and incapacity of the plaintiff because of his drunkenness, and found that the property which Swan conveyed to Talbot was of the value of $21,949.86, while the total amount due from Swan to Talbot, including two hundred dollars in coin paid to Swan at the time of the execution of the bill of sale, was but $10,604.32.   The court found, moreover, that owing to changes of ownership in the personal property it was impracticable, while decreeing a cancellation of the bill of sale, to further order the restoration of the personal property, and therefore proceeded to give judgment for plaintiff in the sum of $11,-345.54, being the difference between the amount of Swan's indebtedness to Talbot and the value of the property which Talbot obtained under the bill of sale.   From this judgment and from the order denying defendant's motion for a new trial he prosecutes this appeal.

Before trial defendant moved the court and Hon. Oval Pirkey, judge thereof, that another judge be called in to try

the case, and pressed this motion with great vigor. With the same vigor he presses the matter upon this appeal, and a large part of the voluminous briefs is given over to extracts from the affidavits for and against the motion, and to a discussion of the alleged disqualification of the judge. The ground of the motion was the disqualification of the judge by reason of bias against the defendant and certain of his attorneys, together with charges of favoritism toward plaintiff's attorneys. The evidence upon both sides presented has been read and considered. It must suffice to say, without any extended review thereof, which would serve no useful purpose, that the matters charged as facts and susceptible of denial were denied fully and completely by the counter affidavits, and in some instances, at least, the falsity of the charges established. It cannot be said that it was error of the court to have refused the motion, and it is but just to add, in view of the trial court's ruling refusing so to do, that the position of the trial judge situated as was this one must always of necessity be most embarrassing and painful. For, upon the one hand, while it is his duty to grant the motion should bias or other disqualification be shown, yet, upon the other hand, it is equally his duty to deny the motion and to sit in the case himself if, in his judgment, the disqualifying cause alleged is not sufficiently established by the evidence. An added embarrassment under such circumstances arises from the fact that the judge himself is made the trier of the question touching his own bias or other disqualification. But the law has seen fit to impose this painful duty upon him, and he may not shirk its performance. (*Higgins* v. *City of San Diego,* 126 Cal. 304, [58 Pac. 700, 59 Pac. 209]; *People* v. *Findly,* 132 Cal. 305, [64 Pac. 472]; *Lamberson* v. *Superior Court,* 150 Cal. 458, [91 Pac. 100].)

Defendant's general demurrer to the complaint was properly overruled. That demurrer seems to be argued rather upon the proposition that the complaint does not state a cause in equity, than upon the theory that it does not state a cause of action at all, appellant in his argument saying that "It is possible that the complaint . . . may be held to state a cause of action in claim and delivery." Of course, if it states a cause of action addressed either to the legal or equitable side of the court, the pleading is good against a general demurrer.

But as the question of the real character of the action arises
in other ways upon this appeal, as upon the court's refusal
to grant a jury trial, it may here be said that the action is
one addressed to the equitable consideration of the court. The
instrument in question was not void upon its face, but called
for extrinsic proof to show its invalidity. Under such cir-
cumstances it is well settled that an action in equity will lie.
(3 Pomeroy's Equity Jurisprudence, sec. 1399; *Remington
Paper Co.* v. *O'Daugherty,* 81 N. Y. 474.) Nor does the mere
fact that there is a remedy at law oust the court of its equitable
jurisdiction. That remedy must also be speedy, adequate, and
efficacious to the end in view, or otherwise equity will entertain
the plea of the suitor. (*Watson* v. *Sutherland,* 5 Wall. 74.)
The rule of equity in lending its assistance to a man who
pleads drunkenness in avoidance of his contract is thus laid
down by Judge Story (Eq. Jur., sec. 2313), and it has come
to receive well nigh universal acceptance. He says: "Courts
of equity, as a matter of public policy, do not incline on the
one hand to lend assistance to a person who has obtained an
agreement or deal from another in a state of intoxication;
and, on the other hand, they are equally unwilling to assist
the intoxicated party to get rid of his agreement or deal
merely on the ground of his intoxication at the time. They
will leave the parties to their ordinary remedies at law unless
there is some fraudulent contrivance or some imposition."
Equity therefore will not assist a man to avoid a contract
which he has entered into when drunk, merely because when
in his sober senses he may wish he had not entered into it.
But, upon the other hand, it will not countenance fraudulent
imposition. Gross inequality in the values exchanged—be-
tween the consideration moving to and that moving from the
drunken party—is always received as evidence of imposi-
tion. Here the party pleads his total ignorance of the trans-
action by reason of his drunkenness, and in effect that he was
induced to part with property of the value of about twelve
thousand dollars for two hundred dollars in hand paid to him
while in the midst of a drunken debauch. Here surely is
presented one of the cases of exception to the rule that equity
in general will leave the parties to such contracts to their
ordinary legal rights and remedies. (*Phelan* v. *Gardner,*
43 Cal. 306; *Moore* v. *Moore,* 56 Cal. 92.) In *Phelan* v.
CLII Cal.—10

*Gardner,* 43 Cal. 306, it is declared that in order to defeat a settlement made by him the plaintiff may show that at the time he was incapable of contracting intelligently, by reason of intoxication, and evidence of his condition as to being intoxicated several hours after the settlement may be given, as tending to throw light on his condition when the settlement was made. In *Moore* v. *Moore,* 56 Cal. 92, the well-settled principle is laid down that whenever there is great weakness of mind in a person executing a contract, arising from any cause, and the consideration given for the property is grossly inadequate, imposition or undue influence will be inferred, and equity will, upon a proper and reasonable application, interfere and set the contract aside. From what has already been said, it is apparent, therefore, that the judge was justified in refusing defendant's demand for a trial by jury.

It is contended that the evidence is insufficient to support the finding of plaintiff's legal incapacity by reason of intoxication. By plaintiff it was shown that he was, and for years had been, a tenant of defendant, farming parts of defendant's lands on shares, and that he had accumulated personal property, farming utensils, stock, interest in growing crops and the like of great value. He was married, and with his wife lived upon one of defendant's ranches. He discovered that his wife was illicitly intimate with defendant, and upon the discovery went to the neighboring town of Willows and undertook to drink away his sorrow. His drinking led to a protracted debauch, lasting several days. Upon the day that the bill of sale was executed, and before its execution, he was so drunk, according to the testimony of several witnesses, that he fell on the streets and had to be helped upstairs, and three hours after the execution of the instrument he was so drunk that he collapsed and was put to bed. He recollected nothing of the transaction. There was thus certainly sufficient evidence in the record to support the finding of the court.

The action is in form of a simple action for a rescission of the bill of sale and the restoration to plaintiff of the property of which defendant took possession under the instrument. As has been said, the court found for a rescission of the instrument, but found also that it was impracticable to decree a restoration and return of the property, and it proceeded thereupon to state and settle an account between the

parties. Objection is made to this by the appellant upon the ground that the complaint nowhere asks for such relief. But the proceeding adopted by the court was wholly consonant with the principle that where equity has acquired jurisdiction for one purpose it will retain that jurisdiction to the final adjustment of all differences between the parties arising from the cause of action presented. It is, indeed, the duty of a court of equity, when all the parties to the controversy are before it, to adjust the rights of all and leave nothing open for further litigation. (*Ord* v. *McKee,* 5 Cal. 515; *Kraft* v. *De Forrest,* 53 Cal. 657; *Watson* v. *Sutro,* 86 Cal. 500, [24 Pac. 172, 25 Pac. 64].) It is no objection to the relief which is thus decreed in an equitable action that the court should finally determine that the necessary and appropriate remedy should take the form of a personal monetary judgment. (*Van Rensselaer* v. *Van Rensselaer,* 113 N. Y. 207, [21 N. E. 75].) The court in this case was therefore justified in determining the value of the properties conveyed by Swan, the amount of Swan's indebtedness to Talbot, and in decreeing a personal judgment for the difference.

For these reasons the judgment and order appealed from are affirmed.

McFarland, J., Sloss, J., Angellotti, J., Shaw, J., and Lorigan, J., concurred.

A petition for a rehearing having been filed, the following opinion was rendered thereon on the 2d of November, 1907.

THE COURT.—In his petition for a rehearing appellant, with other matters, presses upon the attention of the court the fact that in the judgment given against him he is charged with the sum of $2,591.96, being the amount of a note for two thousand dollars, with interest, executed by one Anderson to plaintiff and by plaintiff deposited as collateral security for his indebtedness to the bank, the payment of which indebtedness defendant had assumed. Petitioner, moreover, shows that there is a direct conflict in the evidence between Swan, the payee, and Anderson, the maker of the note, Swan testifying that it was a note given by Anderson in payment of moneys which plaintiff had from time to time loaned to him,

Anderson testifying that it was a mere accommodation note given to Swan to assist him in borrowing money. There is no evidence touching the responsibility of the maker of the note, nor of its value. Under these circumstances, it was inequitable to charge Talbot with the amount of the note and accrued interest. The judgment against Talbot should therefore be modified by subtracting therefrom the amount of the Anderson note with accrued interest.

The judgment heretofore given by this court is set aside, and the following judgment given:

It is ordered that the court below modify the judgment heretofore given by subtracting from the judgment against Talbot the amount of the Anderson note with accrued interest, and that when so modified, the judgment shall stand affirmed. The order denying a new trial is affirmed. Appellant shall recover his costs on this appeal.