HALL, Appellant, vs. BELL, Receiver, Respondent.

*September 13—October 4, 1910.*

(1) *Pleading: Demurrer.* (2–7) *Contracts: Rescission for fraud: Equity: Adequate remedy at law: Pledges: Foreclosure.*

1. The test of a complaint on demurrer thereto for insufficiency, is not whether it states the precise cause of action intended, or the pleader appreciated the nature of his remedy, or asked for appropriate relief, but whether the facts stated expressly and inferentially, giving to the language the benefit of all reasonable intendments, show the plaintiff to be entitled to some judicial relief.

2. A court of equity should not entertain an action for rescission of contract merely upon the ground of fraud.

3. To warrant a court of equity in affording its jurisdiction for rescission on the ground of fraud, there must be, in connection with that element, special circumstances rendering rescission by act of the plaintiff and his remedy at law not adaptable to adequately cure the wrong.

4. Whether special circumstances are sufficient under the foregoing rule, is a matter for determination by the trial judge as one of fact within such range for the exercise of judgment, that the decision cannot properly be disturbed on appeal unless clearly wrong.

5. Under the foregoing any mere change in the circumstances of the defrauder leaving him or some other party legally liable who can be made to adequately respond in an action at law, is not sufficient.

6. If a person holds personal property as pledgee or rightfully, as security, he may enforce his right in that regard by foreclosure in equity, regardless of any legal or summary remedy he may have.

7. If a person invokes equity for relief by rescission of contract, who has in his possession property received on such contract, holding the same as security, and fails to state special facts in connection with his plea of fraud to warrant the action for rescission, but does state facts sufficient to enforce his right against the property as security, the action may stand as one for foreclosure.

[Syllabus by MARSHALL, J.]

APPEAL from an order of the circuit court for St. Croix county: E. W. HELMS, Circuit Judge. *Reversed.*

Equitable action for relief on facts set forth in the complaint, in addition to necessary allegations as to corporate existence of defendants, to the following effect: July 22, 1908, defendant trust company had in its possession $4,501 of plaintiff's money for the purpose of loaning the same in his behalf on gilt-edged, first-lien, real-estate securities, the loans to be on full title of record to the realty, and, before made, to be passed upon and approved by him. On the 1st day of October, 1904, the defendant Blue Grass Land Company agreed to sell to C. H., A. H., and R. C. Kimball certain land, specifying the same, situated in the state of Minnesota, giving them a land contract and taking a purchase-money note executed by them for $3,150. The land company had only an equitable interest in the land under an unrecorded land contract upon which a large part of the purchase money was yet to be paid. The land was not of sufficient value to adequately secure the amount due to said land company's vendor.

The Northern Blue Grass Land Company contracted to sell certain lands (specifying the same) in Vilas county, Wisconsin, to one Rauzi, taking with the contract his notes for $1,280, dated August 9, 1907. The Merrill Lumber Company owned the land subject to its outstanding agreement to sell the same to the defendant land company. January 15, 1908, the Northern Blue Grass Land Company assigned the Rauzi contract and notes to defendant land company. Neither of such land companies ever had any but an equitable interest in said land under the Merrill Lumber Company contract upon which a large amount of purchase money was unpaid, leaving the Rauzi contract and notes of little value as security for a loan. The stockholders and officers of said land companies and the defendant trust company were largely identical. July 22, 1908, said trust company, for purposes of its own, and in breach of its agreement with plaintiff, purchased the Kimball and Rauzi contracts and the accompany-

ing notes, converting his money to its own use and using the
same therefor. It caused such securities to be assigned and
delivered to him, representing, at the same time, that it was
the owner of a first-class $5,000 note secured by a first mort-
gage on a Wisconsin farm, the papers being on deposit with
the state treasurer, but would shortly be returned and then
be substituted for said contracts and notes. Plaintiff took
such contracts and notes only to hold temporarily, relying on
the aforesaid representations and agreement. Said note and
mortgage were, in due time, returned to said trust company,
but, in breach of said agreement with plaintiff, it transferred
them to other parties. He has made due demand therefor,
but said trust company, in breach of its agreement, has re-
fused and still refuses to comply therewith. Upon plaintiff
discovering the facts, he notified the trust company that he
would not accept such land-contract securities for his money
and was ready to redeliver the same upon receiving said
money. He is still ready to do so or to abide by the court's
order in the premises. Said trust company, to wind up its
affairs, has turned over its assets to the defendant Wisconsin
Mortgage Loan & Investment Company, which was organized
therefor by proprietors of the trust company, and has, in con-
sideration of the premises, assumed and agreed to pay the lia-
bilities of the old company, giving a bond to the state treas-
urer in the sum of $50,000 to that end. There is due on the
Kimball notes $2,250 with interest from July 1, 1909, and
on the Rauzi notes $1,152 with interest from August 9, 1908.
The notes are of little value.

On such facts plaintiff prayed substantially as follows:
1st, for a rescission of the transactions between himself and
the parties defendant; 2d, that they be required to pay to him
his $4,501; 3d, that he be permitted to hold the securities
until such payment and then turn the same over as the court
may direct; 4th, that he be awarded such other relief as may
appear equitable; and 5th, recover his costs and disburse-

ments. The Wisconsin Savings Loan & Trust Company and the Wisconsin Mortgage Loan & Investment Company severally demurred to the complaint, 1st, for insufficiency; 2d, to the jurisdiction of the court; 3d, for misjoinder of causes of action. Both demurrers were sustained and plaintiff appealed from the orders.

*Sol. P. Huntington,* for the appellant.

For the respondent there was a brief by *Richmond, Jackman & Swansen,* and oral argument by *S. T. Swansen.*

MARSHALL, J. This case is governed by a few well established principles. The first of such principles is this: In testing a complaint on a demurrer for insufficiency, the pleading does not necessarily fail because the pleader did not state facts sufficient for the precise cause of action intended, or because he misconceived the precise nature of his cause of action and wrongly denominated it, or because of misapprehension of the nature of the relief warranted by the facts. If the pleading, giving it the benefit of every reasonable inference, expressly or by such inference, or both, states facts showing the plaintiff to be entitled to some relief within the competency of the court to grant, it states a good cause of action for such relief. Such is the liberal rule of the Code as early announced (*Morse v. Gilman,* 16 Wis. 504), and many times emphasized and given proper significance in recent years. *Emerson v. Nash,* 124 Wis. 369, 102 N. W. 921; *Bieri v. Fonger,* 139 Wis. 150, 120 N. W. 862; *Loehr v. Dickson,* 141 Wis. 332, 124 N. W. 293. In the most recent case the rule was tersely applied thus:

"A demurrer challenges the sufficiency of the complaint to state any cause of action, and must not be sustained in face of one which does by liberal construction state facts from which any liability results, although not for some or all the damages sought to be recovered."

So it is not necessarily fatal to the complaint in this case because it does not state a good cause of action in equity for

rescission of contract, if such be the fact. It should nevertheless have been held good if facts be stated sufficient to warrant some other relief.

The next principle involved is this: A court of equity should not entertain an action for rescission of a contract on the ground of fraud, merely because of the fraud, since the party wronged has, ordinarily, a perfect remedy at law by exercising his legal right to rescind by his own acts, and then suing to recover back what he parted with to his adversary by reason of the latter's fraud. *Johnson v. Swanke,* 128 Wis. 68, 107 N. W. 481.

It requires special circumstances in connection with the fraud, rendering the legal remedies not adaptable at all to cure the mischief, or not to adequately do so, to warrant a court of equity in affording its jurisdiction to correct the wrong. Whether such circumstances in any given case are or are not sufficient to satisfy the rule, is a matter for determination by the trial court as one of fact. Hence there is such room for the exercise of judgment that the trial court's decision cannot be successfully challenged unless it is clearly wrong.

The only special circumstance appearing here of any significance is that the defendant loan and trust company has, with a view to winding up its affairs, transferred its assets to the defendant investment company, it assuming and agreeing to pay all the trust company's liabilities. It is not alleged that the investment company is insolvent or that it is using, or proposes to use, the assets assigned to it other than to discharge the liabilities of the trust company, or that such assets are insufficient for that purpose. So far as the complaint goes, it may well be that the taking over of the trust company's liabilities by the investment company, and the latter's assumption of and agreement to pay the liabilities of the former, were circumstances beneficial to appellant. Therefore, we are unable to conclude that the trial court was clearly

wrong in holding that the complaint does not disclose special circumstances sufficient in connection with the fraud alleged to constitute an equitable cause of action for rescission.

If we could stop here the result would be an affirmance of the order appealed from. But there is another principle to be considered. Doubtless the learned trial court either overlooked such principle or did not give due significance to a feature of the pleading which stands out very plain, challenging our attention to one of the most familiar fields of equity jurisprudence.

According to the complaint appellant did not take the land contract and notes as owner. He took them only as security for delivery to him of the first-class $5,000 note and mortgage as soon as the same should come to the possession of the trust company, which occurrence was promised would soon take place. When the agreement in that respect was breached by respondent selling the promised securities to another party, appellant did not change his position. ' He demanded such securities in place of the land contract and notes, according to the agreement, insisting, as he has at all times, that he would not take the unsatisfactory papers for his money, but would hold them till such money should be returned, since he could not get the note and mortgage promised. So he only insisted upon retaining the papers in the same character they were received,—a mere pledge for the performance of the agreement to deliver to him the notes and mortgage for the money deposited to be loaned.

If a person holds property as security, either upon a chattel mortgage or as a pledge or other lien, a remedy in equity to foreclose is open to him, and the fact that he has one at law to recover the debt or enforce the liability for which he holds the security, or has a summary remedy to that end, does not militate against his right to such equitable remedy. *Boorman v. Wis. R. E. Co.* 36 Wis. 207; *Forepaugh v. Pryor,* 30 Minn. 35, 14 N. W. 61; *Packard v. Kingman,* 11 Iowa,

219; *Green v. Gaston,* 56 Miss. 748; *McDonald v. Vinson,* 56 Miss. 497; *Briggs v. Oliver,* 68 N. Y. 336; *Long D. Co. v. Mallery,* 12 N. J. Eq. 93; Jones, Chat. Mortg. § 777; Pom. Eq. Jur. (3d ed.) § 1231; 13 Am. & Eng. Ency. of Law (2d ed.) 830.

In the case cited from our reports, speaking of the tenure by which one holds personalty as security in the nature of a pledge, the court said:

"The right of a person in whose favor a lien exists, whether on real or personal property, to maintain an action in equity to have the amount of the lien determined, and to enforce payment thereof by a sale of the property, or otherwise, is too well settled to be questioned."

The Minnesota court said on the same subject: "The fact that there is a power of sale in a chattel mortgage does not affect the right to foreclose it by action." The doctrine is thus broadly stated in the elementary works: "Almost universally the remedy by foreclosure is proper regardless of legal or summary remedies."

So it seems there can be no doubt of appellant's right, on the facts stated, to relief by foreclosure, both as against the trust company and the investment company, which took a transfer of all the former's assets and assumed all its liabilities. So far, only, need we go to show that the complaint states a cause of action, and that the demurrer for insufficiency should have been overruled. The order went only on the ground of insufficiency.

*By the Court.*—The order appealed from is reversed, and the cause remanded for further proceedings according to law.

Timlin, J., dissents.