[Civ. No. 2878. Third Appellate District.—May 13, 1925.]

FRANKLIN KELLEY, Appellant, v. J. D. CAMERON
et al., Respondents.

[1] ACCOUNTING—VIOLATION OF AGREEMENT—PLEADING—PRAYER.—In
this action for an accounting, arising out of an agreement between
plaintiff and defendant for the establishment and operation by
plaintiff of certain filling stations, with moneys advanced by de-
fendant, conceding that the agreement between the parties did
not create such a relationship between them as would entitle plain-
tiff to maintain an action for an accounting thereunder, the
allegations of plaintiff's complaint showing that defendant as-
sumed the control of the business of said stations entitled him to
relief, even though that relief was not as extensive as that for
which he prayed, and which was not dependent upon the construc-
tion of the contract.

[2] ID.—INCONSISTENT ALLEGATIONS—GENERAL DEMURRER.—The fact
that the complaint in such action contained inconsistent allegations
with reference to the act of defendant in assuming the control of
the stations did not render the complaint subject to a general
demurrer, which raised only the question as to whether the com-
plaint stated any cause of action.

(1) 30 **Cyc.**, p. 732, n. 47. (2) 31 **Cyc.**, p. 271, n. 13, p. 290, n. 62,
p. 298, n. 28, p. 300, n. 44 New.

APPEAL from a judgment of the Superior Court of
Tulare County. W. B. Wallace, Judge. Reversed.

The facts are stated in the opinion of the court.

A. M. Drew and Feemster & Cleary for Appellant.

Russell & Heid for Respondents.

JONES, J., *pro tem.*—The plaintiff brought this action to
obtain an accounting from the defendant, J. D. Cameron,
who interposed a general demurrer to plaintiff's amended
complaint, which demurrer was sustained by the court with-
out leave to amend. From the judgment thereupon ren-
dered against the plaintiff, he has appealed.

From the allegations of the amended complaint it appears
that the plaintiff and the defendant Cameron entered into

an agreement, the contents of which may be generally stated as follows: That, whereas, the first party (Cameron) was engaged in the business of manufacturing and refining oils and gasolines and of selling said products to wholesale or retail trade; and, whereas, the second party (Kelley) desired to engage in the retail oil and gasoline business in the city of Fresno and desired to operate what are commonly called "filling stations"; and, whereas, the first party had advanced and was about to advance various sums of money to the second party for the purpose of purchasing such stations; it was, therefore, agreed that the first party should advance such sums to the second party as they may mutually agree upon for the purpose of acquiring the lease, stock in trade, business and goodwill of service stations in the city of Fresno, for which advancements the second party should execute to the first party his promissory note. The second party should purchase and operate the stations in his own name, without obligating the first party in any way, and upon securing an assignment of the lease of any filling station, the second party should transfer such lease to the first party, the lease thereupon becoming his absolute property. The second party should operate the stations to the satisfaction of the first party and should promptly pay all bills or indebtedness incurred in operating the stations; should keep all stock and property used in connection with said stations insured, which insurance should be payable to each of the parties, according to their interest in the property; should keep accurate books of account, which books should be subject to the inspection of the first party at all times; should purchase all gasoline and lubricating oils sold in said stations from the first party. It was further agreed that the first party should not be obligated to pay any loss incurred in the transactions of the business, or to pay any bills of any kind or character contracted by the second party in the transaction thereof.

Plaintiff alleged that, pursuant to this agreement, he acquired five stations in the city of Fresno and in addition thereto "turned over" two stations already owned and operated by him, and commenced and carried on the business of selling at retail gasoline and other automobile supplies furnished by the defendant, at said stations in the name of "Kelley Service Stations."

It is alleged that the defendant later refused to be bound by the terms of the agreement and "did assume control of the business of the said 'Kelley Service Stations' and of the books, papers and records kept by this plaintiff under and pursuant to the aforesaid agreement, and demanded of and took from said plaintiff herein . . . the funds received and on hand and in the bank in the name of said 'Kelley Service Stations' and of this plaintiff in the sum of $2,500.00 and did assume control of said service stations and directed the management thereof''; and further allegations are that, following the breaching of the agreement by the defendant, Cameron, he assumed the control of the said service stations and conducted the same jointly with this plaintiff, and directed the management and conduct thereof, and required the men employed to report directly to him, said defendant, and compelled the payment of the funds to him, and took the said funds from plaintiff for his own use and benefit and in all manner conducted the said business jointly with plaintiff and the said defendant asserted a right, title, and interest in and to said property leased as aforesaid and in and to the business conducted as " 'Kelley Service Stations' and in and to the management and control of said business."

There is a further allegation to the effect that plaintiff offered to transfer to the defendant the leases acquired by plaintiff to all of the filling stations, but the defendant rejected said offers and refused to accept said leases pursuant to the terms of the agreement.

Plaintiff prayed for the appointment of a receiver, for an accounting of all the dealings and transactions under the agreement and of the money received and paid by plaintiff and defendant in relation thereto; for the restraint of the defendant from interfering with the properties, moneys or effects of the said business; for the sale of the property and business, the payment of the debts and liabilities, and the payment of the surplus, if any, to the parties according to their respective interests; and for general relief.

[1] Respondent contends that "upon the construction of that agreement and the rights and liabilities assumed by the parties thereto depends the decision of the sole question involved in this case." With this contention we do not agree, for if it be conceded that the agreement did not create such a relationship between the parties as would entitle the appel-

lant to maintain an action for an accounting thereunder, yet the amended complaint does contain allegations which entitle him to relief, even though that relief may not be as extensive as that for which he prays, and which is not dependent upon the construction to be given the agreement. According to these allegations, the plaintiff was conducting seven service stations under the name of "Kelley Service Stations," the leases of which stations had been acquired by him, when the defendant assumed the control of the business of said stations, requiring the men employed to report directly to him, compelled the payment of the funds to him and took the funds for his own use and benefit.

[2] While it must be admitted that there are inconsistent allegations with reference to the action of the defendant in assuming the control of the stations, yet the demurrer interposed by defendant was a general one and raised the question only as to whether the complaint stated any cause of action. We are of the opinion that facts are alleged at least entitling the appellant to an accounting from the time that the respondent assumed the control of the stations, and appellant being entitled to that relief, it would follow that the amended complaint does state a cause of action, and was not subject to general demurrer.

The judgment is reversed, with direction to the trial court to overrule the demurrer.

Plummer, J., and Finch, P. J., concurred.