[Civ. No. 11579.   First Dist., Div. Two.—April 17, 1941.]

C. B. PHILLIPS, Appellant, v. AUGUST GONZALES et al., Defendants; BERNICE SCAGLIOTTI, as Executrix, etc., Respondent.

James A. Walker and John T. Lewis for Appellant.

James S. Byers and Theodore Tamba for Respondent.

STURTEVANT, J.—The trial court sustained a demurrer to plaintiff's complaint without leave to amend. Later it entered a judgment that the plaintiff take nothing by this action. From that judgment the plaintiff has appealed.

On the 4th day of December, 1938, at a point about one-half mile south of San Benito River bridge, on Highway 101, the plaintiff's automobile collided with another automobile being driven by August Gonzales. For his personal injuries and also for injuries to his automobile the plaintiff commenced this action to recover damages. He pleaded his cause of action in two counts. The first cause of action was directed against August Gonzales who was driving the other automobile. No other person than the plaintiff and August Gonzales is mentioned therein. Appropriate allegations were inserted to recover damages for personal injuries in the sum of $65,298.23. Other allegations were inserted to recover damages for injuries to the automobile in the sum of $400.

In the second cause of action the plaintiff by reference pleaded all of the allegations in the first cause of action. Continuing he pleaded the fact that William H. Scagliotti was the owner of the automobile which Gonzales was driving; that Scagliotti died the next day; that Bernice, his wife, has been appointed executrix of his estate; that on the 23d day of December, 1938, she first published notice to creditors; that on the 4th day of May, 1939, plaintiff filed his claim, and that the claim was rejected.

Later he commenced this action. Among others he served process on Bernice Scagliotti as executrix of the estate of her deceased husband. In due time she appeared and filed a demurrer. Among other grounds therein stated she alleged that the first cause of action did not state facts sufficient. Obviously it did not. Neither this defendant nor her deceased husband is mentioned directly or indirectly in the first cause of action.

As recited above, the second cause of action was pleaded against both Gonzales and this defendant. The plaintiff pleaded damages for personal injuries in the sum of $65,298.23 and damages for injuries to his automobile in the total sum of $400. The gross sum prayed for was $65,-698.23. The defendant alleged in her demurrer that the second cause of action did not state facts sufficient, because, as she contends, the tortious act alleged to have been committed by her deceased husband for injuries to the person of the plaintiff abated with the death of her husband. (*Clark* v. *Goodwin*, 170 Cal. 527 [150 Pac. 357, L. R. A. 1916A, 1142]; *De La Torre* v. *Johnson*, 200 Cal. 754 [254 Pac. 1105].) That is true. The plaintiff contends the doctrine stated in *De La Torre* v. *Johnson*, *supra*, has been abrogated by section 402 of the Vehicle Code. However a careful reading of that statute shows it does not speak on the subject of abatement and survival of actions against the estate of a deceased person.

But she admits the plaintiff had the right to sue for damages to his automobile, that is, for the value of his property destroyed by the act of the decedent. (Prob. Code, sec. 574; *George* v. *McManus*, 27 Cal. App. 414 [150 Pac. 73].) It follows that the second cause of action stated facts sufficient as to the claim for damages to the plaintiff's automobile and that the demurrer was not well founded in so far as it alleged said count did not state facts sufficient. But the defendant contends the plaintiff waived his claim to property damages because he did not amend. He was not bound to do so. However the decisions do not adopt the defendant's contention as applicable to the facts before us. The general rule is stated in *California Trust Co.* v. *Cohn*, 214 Cal. 619, 621 [7 Pac. (2d) 297]. The cross-complaint in that case attempted to plead a cause of action for breach of trust and a cause of action for damages. The court examined the pleading and found that it stated a cause of action warranting a reformation of a written contract. On page 628 the court said: "It is unnecessary, therefore, that we determine whether the cross-complaint alleges facts sufficient for the declaration of a trust or the imposition of damages. A general demurrer challenges the sufficiency of the pleading to state *any* cause of action and must not be sustained if the pleading states facts from which any liability results, al-

though not for some or all of the relief sought to be obtained. (*Hall* v. *Bell,* 143 Wis. 296, 299 [127 N. W. 967].) If the pleading states grounds for relief, either legal or equitable, it will stand the test of a general demurrer. (*Swan* v. *Talbot,* 152 Cal. 142, 144 [94 Pac. 238, 17 L. R. A. (N. S.) 1066].) It is sufficient if the pleading contains the allegations essential to the statement of any one cause of action, even though an abortive attempt be made to state facts calling for other and different relief.'' (See, also, *Pacific Mut. Life Ins. Co.* v. *Shepardson,* 77 Cal. 345 [19 Pac. 583]; *Nelson* v. *Merced County,* 122 Cal. 644, 646 [55 Pac. 421]; *Moropoulos* v. *C. H. & O. B. Fuller Co.,* 186 Cal. 679, 685, 688 [200 Pac. 601]; *Kelley* v. *Cameron,* 72 Cal. App. 660, 663 [237 Pac. 819].)

▇ We find no merit in the claim that the defendant was improperly joined as a defendant. As stated above she now admits the plaintiff had the right to sue the estate of the decedent for property damages as distinguished from damages for personal injuries. It follows that she was properly named as a defendant.

▇▇ The defendant contends the plaintiff should have pleaded separately his claim for damages for personal injuries and his claim for damages for property destroyed. There are two answers to that contention. She did not present the point by any allegation contained in her demurrer. (Code Civ. Proc., sec. 430, subd. 5.) Furthermore the plaintiff was not bound to plead the claims separately. The last paragraph of section 427 of the Code of Civil Procedure so provides.

The judgment is reversed.

Nourse, P. J., and Spence, J., concurred.

A petition for a rehearing was denied May 17, 1941, and appellant's petition for a hearing by the Supreme Court was denied June 16, 1941. Carter, J., voted for a hearing.