[Civ. No. 13940. First Dist., Div. Two. May 3, 1949.]

RAYMOND FARVOUR et al., Respondents, v. PETER GELTIS et al., Appellants.

Charles M. Weile for Appellants.

Joseph A. Brown and Reed M. Clarke for Respondents.

DOOLING, J.—This case arises out of a particularly aggravated tort. Plaintiffs, husband and wife, were tenants of defendant Geltis, living with their three children in an apartment rented from Geltis. Geltis and his wife lived in the same apartment building. On or about July 30, 1945, defendant Ernstan appeared at the plaintiffs' apartment and removed nine windows and several doors from the apartment, stating that Mrs. Geltis had sent him.

On August 2, a supervisor and inspector from the San Francisco Health Department gave notice in writing to defendant Geltis ordering him to replace the windows within 24 hours. Geltis ignored this notice and on August 10 this action was filed. Not until August 16, were the windows finally replaced.

The case was tried without a jury and the court gave judgment against defendants Ernstan and Geltis for $500 actual damages and against defendant Geltis alone for $2,000 exemplary damages. Both defendants appeal.

█ The complaint joined in one count allegations of damage to person and property. This was proper under the last clause of Code of Civil Procedure, section 427. (*Phillips* v. *Gonzales,* 44 Cal.App.2d 267, 270 [112 P.2d 272].)

█ The evidence was ample to sustain the award of $500 for actual damages. There is evidence that while the windows were out it was foggy, the apartment was windswept and everything was damp and wet. The plaintiffs both caught colds and were rendered ''nervous and jittery.'' The discomfort and inconvenience to which plaintiffs were subjected and the nervousness and mental and physical suffering attendant thereon are sufficient to support the award of $500 without possibility of question.

█ The fact that no damage to property was proved with sufficient certainty to support an award for that item is unimportant in this case. The only damage to property alleged was to certain books and the proof in this regard failed to establish the amount of such damage. Although the finding of damage was a blanket one by reference to the complaint and may be deemed erroneous insofar as it purported to include damage to the books, the error is not prejudicial. We must assume that the trial judge made the award primarily for the injuries to the persons of the plaintiffs and any amount which might conceivably have been included for damage to the books would necessarily be so small as to be disregarded under the rule of *de minimis*.

█ As to the punitive damages against appellant Geltis it is argued that there is no evidence that he directed or was responsible for the removal of the windows. Conceding this, the evidence that he lived in the same building, was given notice to replace the windows on August 2 and did not in fact do so until August 16, two weeks later and six days after action filed, is overwhelming to support a finding of full ratification. It shows a particularly heartless and aggravated

desire on his part to oppress and inconvenience his tenants after notice clearly brought home to him of all the facts. It is Hornbook law that a defendant may become liable for punitive damages by subsequent ratification of the act of another as well as by precedent direction of that act. (*Deevy* v. *Tassi,* 21 Cal.2d 109, 125 [130 P.2d 389]; 4 Restatement of the Law of Torts § 909(d).)

■ The claim that the punitive damages are out of reasonable proportion to the actual damages awarded is untenable. The conduct of appellant Geltis after knowledge of the facts in failing to replace the windows was almost unbelievably wanton and brutal. Of the cases cited by appellant Geltis to support the claim of unreasonableness we note that in two of them, while the appellate court reduced the punitive damages allowed, even after reduction their ratio to the actual damages was greater than in the case here presented. In *Plotnik* v. *Rosenberg,* 55 Cal.App. 408 [203 P. 438] where the actual damages were only $15.60 the exemplary damages were reduced on appeal to $284.40. In *Wilkinson* v. *Singh,* 93 Cal.App. 337 [269 P. 705] the actual damages were $70 and on appeal the exemplary damages were reduced to $300.

The law establishes no fixed ratio by which the excessiveness of exemplary damages in relation to the actual damage allowed is to be measured. (8 Cal.Jur., Damages, § 109, pp. 866-867.) On the facts of this case we cannot find the allowance of $2,000 unreasonable.

Judgment affirmed.

Nourse, P. J., and Goodell, J., concurred.