[Civ. No. 4466. Fourth Dist. Dec. 8, 1952.]

EDWARD T. LOOPE et al., Appellants, v. GREYHOUND LINES, INC. (a Corporation), Respondents.

James C. Webb for Appellants.

Bauder, Gilbert, Thompson & Kelly for Respondents.

MUSSELL, J.—Plaintiffs allegedly sustained injuries and property damage on February 2, 1947, which they claimed were caused by the negligence of the defendant Greyhound Lines, Inc. and its driver, Oscar LeRoy Perkins.

Defendants' demurrer to the complaint, setting up the statute of limitations (Code Civ. Proc., § 340, subd. 3) as a bar to the complaint, was sustained with leave to amend. An amended complaint containing five causes of action was filed and in each cause of action it was alleged, among other matters, ''that between the dates of February 2, 1947, and February 1,

1948, said defendants were absent from and outside the jurisdiction of the State of California for more than twenty (20) days.'' The defendants then filed a demurrer to the amended complaint again setting up the statute of limitations as a bar and also filed a motion to strike the quoted allegations from the complaint. The trial court sustained the demurrer without leave to amend and made no ruling on the motion to strike. From the judgment of dismissal which followed, plaintiffs have appealed.

In the first cause of action in the amended complaint it is alleged, among other things, that on February 2, 194̲ the defendant Oscar LeRoy Perkins was, with the consent and permission of the defendants, driving the defendants' Greyhound bus in a general westerly direction along the Pacific Coast Highway at and near its intersection with Westminster Boulevard; that at said time plaintiff Edward T. Loope was driving plaintiffs' automobile in a general easterly direction across the said intersection; that said Oscar LeRoy Perkins so carelessly, recklessly and negligently drove said bus so as to cause it to collide with plaintiffs' automobile, in consequence of which negligence plaintiff Edward T. Loope sustained bodily injuries, to his damage in the sum of $40,000.

The second cause of action reincorporates all of the charging allegations of the first cause of action and then alleges that the negligence of the defendants caused plaintiffs' automobile to be damaged and demolished, necessitating repairs in the sum of $800 and the loss of clothing in the reasonable value of $20.

The third cause of action includes all of the charging allegations in the second cause of action and then alleges that plaintiffs obtained medical, surgical and hospital aid in the sum of $350 and that the plaintiff Edward T. Loope lost seven weeks of employment at the sum of $85 per week.

In the fourth cause of action, after a repetition of the charging allegations in the second cause of action, it is alleged that Edward T. Loope was incapacitated and rendered unable to carry on his regular family duties and solely and directly by reason thereof said plaintiffs were deprived of the ordinary connubial relationship theretofore enjoyed for a long period of time, to their damage in the sum of $10,000.

In the fifth cause of action, after a repetition of the charging allegations of the second cause of action, it is alleged that ''each and every of their said injuries are lasting and permanent and that they will in the future suffer great pain,

and that they also will in the future be forced to seek and obtain additional medical, surgical and hospital aid, treatment, care and attention incurring expense therefor.''

The first, third, fourth and fifth causes of action are clearly for damages for personal injuries and are barred by the statute of limitations set forth in the demurrer, unless it can be said that the allegation ''that between the dates of February 2, 1947, and February 1, 1948, said defendants were absent from and outside of the jurisdiction of the State of California for more than twenty (20) days,'' places the defendants within the exception stated in section 351 of the Code of Civil Procedure, which provides as follows:

''If, when the cause of action accrues against a person, he is out of the state, the action may be commenced within the term herein limited, after his return to the state, and if, after the cause of action accrues, he departs from the state, the time of his absence is not part of the time limited for the commencement of the action.''

The amended complaint alleges that defendant Greyhound Lines, Inc. is and was a corporation. Nothing more. ■ If the said defendant is and was a foreign corporation, section 351 *supra,* can have no application in view of the California statutory provisions relative to service of summons upon foreign corporations. (Corp. Code, §§ 6403, 6500, 6501; *Taylor* v. *Navigazione Libera Triestina,* 95 F.2d 907.) ■ If defendant Greyhound Lines, Inc. is a California corporation, obviously, it cannot depart from or be absent from this state. It is admitted by defendant corporation that defendant Oscar LeRoy Perkins could have been out of the state.

■ Under this state of the record, we conclude that the action was commenced in time as to Oscar LeRoy Perkins, individually, and that the demurrer was improperly sustained as to him.

In the second cause of action plaintiffs have joined a cause of action against the defendant corporation for damages for personal injuries with a cause of action for damages to personal property, and insofar as the defendant corporation is concerned, the cause of action for damages for personal injuries is barred by the statute of limitations. ■ However, a cause of action for damages to property is stated, which cause of action was commenced in time, and, as was said in *Phillips* v. *Gonzales,* 44 Cal.App.2d 267, 269-270 [112 P.2d 272]:

"A general demurrer challenges the sufficiency of the pleading to state *any* cause of action and must not be sustained if the pleading states facts from which any liability results, although not for some or all of the relief sought to be obtained. (*Hall* v. *Bell,* 143 Wis. 296, 299 [127 N.W. 967].)

■ If the pleading states grounds for relief, either legal or equitable, it will stand the test of a general demurrer. (*Swan* v. *Talbot,* 152 Cal. 142, 144 [94 P. 238, 17 L.R.A.N.S. 1066].)

■ It is sufficient if the pleading contains the allegations essential to the statement of any one cause of action, even though an abortive attempt be made to state facts calling for other and different relief. (See, also, *Pacific Mut. Life Ins. Co.* v. *Shepardson,* 77 Cal. 345 [19 P. 583] ; *Nelson* v. *Merced County,* 122 Cal. 644, 646 [55 P. 421] ; *Moropoulos* v. *C. H. & O. B. Fuller Co.,* 186 Cal. 679, 685, 688 [200 P. 601] ; *Kelley* v. *Cameron,* 72 Cal.App. 660, 663 [237 P. 819].)"

■ And in *Farvour* v. *Geltis,* 91 Cal.App.2d 603, 605 [205 P.2d 424], it is held that a complaint may join in one count allegations of damage to person and property under the provisions of Code of Civil Procedure, section 427.

It follows that count two stated a good cause of action as to defendant Oscar LeRoy Perkins and also a good cause of action as against the defendant corporation for property damage.

The judgment of dismissal is affirmed as to counts one, three, four and five of the amended complaint insofar as it involves defendant Greyhound Lines, Inc., and is reversed as to defendant Oscar LeRoy Perkins. As to count two, the judgment is reversed.

Barnard, P. J., and Griffin, J., concurred.