[Civ. No. 24265.   First Dist., Div. One.   May 18, 1967.]

COATES CAPITOL CORPORATION, Petitioner, v. THE SUPERIOR COURT OF ALAMEDA COUNTY, Respondent; MICHAEL STEPHEN HARVEY, JR., a Minor, etc., et al., Real Parties in Interest.

Hagar, Crosby & Rosson and Charles E. Berta for Petitioner.

No appearance for Respondent.

Robert M. Chefsky for Real Parties in Interest.

MOLINARI, P. J.—Petitioner corporation, defendant in a pending action for wrongful death, seeks a writ of prohibition preventing respondent court from proceeding further in the action and a writ of mandate ordering dismissal of the case. The basis of the petition is that respondent court abused its discretion in denying petitioner's motion to dismiss the action for failure to serve and return summons within the

three-year period prescribed by Code of Civil Procedure section 581a.[1] We have concluded that the motion was meritorious. Accordingly, either of the writs sought would be a proper remedy (*Rio Del Mar etc. Club, Inc.* v. *Superior Court,* 84 Cal.App.2d 214, 216-217 [190 P.2d 295]; *Carter* v. *Superior Court,* 187 Cal.App.2d 1, 2 [9 Cal.Rptr. 140]; *J. C. Penny Co.* v. *Superior Court,* 52 Cal.2d 666, 669 [343 P.2d 919]; *Wyoming Pacific Oil Co.* v. *Preston,* 50 Cal.2d 736, 740 [329 P.2d 489]) to effectuate the mandatory dismissal provided for in section 581a. (See *Dresser* v. *Superior Court,* 231 Cal.App.2d 68, 73 [41 Cal.Rptr. 473]; and cases there cited.)

On March 11, 1963 the real parties in interest filed a wrongful death action against petitioner, a domestic corporation. The complaint alleged essentially that the decedent died from a gunshot wound inflicted by an employee of petitioner and C. C. Coates. Service of process was made upon C. C. Coates as an officer of petitioner on November 9, 1966. Thereafter, on November 17, 1966 petitioner noticed a motion for an order dismissing the action on the ground that summons had not been served nor a return thereon made within three years after commencement of the action as required by section 581a. In a declaration in opposition to the motion the attorney for the real parties in interest alleged that petitioner had concealed itself from the commencement of the action; that petitioner had not listed with the Secretary of State an agent for the service of process, the names and addresses of its officers or the address of its principal office; and that declarant and process servers had made numerous detailed unsuccessful attempts to ascertain the location of petitioner and the identity and whereabouts of its officers. Following a hearing, respondent court denied petitioner's motion.

We consider first the contention of the real parties that petitioner has failed to apply for mandate within the time allowed by section 416.3.[2] This section provides that if a defendant's motion to quash service of summons is denied, he may seek mandate within 10 days after service of written notice of the order denying his motion. ▪▪▪ Section 416.3 does not, however, apply to the petition before this court because petitioner seeks review of a denial of its motion to dismiss the action under section 581a, not review of a refusal to

[1] Unless otherwise indicated, all statutory references hereinafter made are to the Code of Civil Procedure.

[2] The order denying the motion to dismiss the action was made on December 9, 1966. The instant petition was filed on January 13, 1967.

quash the summons served upon its president. In other words, petitioner does not urge that the summons is invalid upon the ground that the court lacked jurisdiction over petitioner, but merely that the court lost jurisdiction of the action when real parties failed to serve and return the summons within the time provided for in section 581a. (See *Sauer* v. *Superior Court*, 74 Cal.App. 580, 582-583 [241 P. 570]; *Pearson* v. *Superior Court*, 122 Cal.App. 571, 575 [10 P.2d 489]; *Ransome-Crummey Co.* v. *Martenstein*, 167 Cal. 406, 408-409 [139 P. 1060].) Since section 416.3 is not applicable, the general provisions of sections 1084 to 1108, inclusive, dealing with writs of mandate and prohibition, govern. Therefore, the instant petition filed approximately one month from the denial of the motion, was well within the applicable period of limitations.

The crucial question in the present proceeding, since the summons and return thereon was made more than three years after the commencement of the action, is whether the three-year period was tolled because petitioner secreted itself to prevent the service of summons. Section 581a requires dismissal "unless the summons shall be served and return thereon made within three years after the commencement of said action, . . . provided, that, . . . no dismissal shall be had . . . as to any defendant because of the failure to serve summons on him . . . while he has secreted himself within the State to prevent the service of summons on him."

Petitioner, relying upon section 411.1 and Corporations Code section 3302, urges that a domestic corporation cannot secrete itself within the meaning of section 581a because personal jurisdiction over it could have been obtained by service on the Secretary of State. Section 411.1 designates the corporate officers or agents authorized to receive service of process for a domestic corporation, and provides that if no such officer or agent can be found within the state after diligent search, service may be made on the Secretary of State as provided in Corporations Code section 3301 to 3304, inclusive. Corporations Code section 3302, in particular, provides that if a domestic corporation has not designated an agent for service of process with the Secretary of State or if it is shown by affidavit to the satisfaction of the court that the agent designated cannot with due diligence be found at the address listed or that personal service cannot be made upon the corporation in any other manner provided by law, the court may order that service be made upon the corporation by delivery by

hand to the Secretary of State. The section concludes: "Service in this manner *constitutes personal service* upon the corporation." (Italics added.)

No California court has ever considered the question of whether a domestic corporation which is subject to service through the Secretary of State can secrete itself within the meaning of section 581a. It has been held, however, that section 351, which suspends the statute of limitations while a defendant is absent from the state, does not apply to a foreign corporation doing business within the state when personal service can be made upon such corporation through the Secretary of State. (*Loope* v. *Greyhound Lines, Inc.*, 114 Cal.App. 2d 611, 614 [250 P.2d 651]; *Steiner* v. *20th Century-Fox Film Corp.*, 232 F.2d 190, 198; *Taylor* v. *Navigazione Libera Triestina*, 95 F.2d 907, 910-911.) In *Loope* there was no showing as to whether the corporation there involved was a domestic or foreign corporation. The reviewing court noted that a California corporation cannot depart from or be absent from the state and held that if the corporation involved was a foreign one, section 351 could have no application in view of the California statutory provisions relative to service of summons upon foreign corporations. (Corp. Code, §§ 6403, 6500. 6501.) Corporations Code section 6501, outlining the procedure for service through the Secretary of State upon a foreign corporation doing business in this state, is very similar in its provisions to Corporations Code section 3302 applying to domestic corporations.

■ Relying on the rationale of the *Loope* case, we hold that a domestic corporation cannot secrete itself within this state within the meaning of section 581a. It appears logical to us that if a domestic corporation cannot depart or be absent from this state it cannot conceal itself within the state. Being an artificial person its presence is always open and notorious, even though its officers and agents may secrete themselves, its business and its property, because the Corporations Code does not permit a domestic corporation to hide, but on the contrary, provides an effective mode of obtaining personal service upon the corporation whose officers and agents cannot be found after due diligence.

The real parties argue that they should not be forced to incur the "hazards" of substituted service, but the so-called "hazards," if any, are minimal. Their apprehension appears to be based on the circumstance that a corporate defendant

served through the Secretary of State can later collaterally attack the affidavit and order for service and overturn the lower tribunal's finding that the plaintiff had exercised due diligence to locate the defendant corporation. This argument is tenuous since the "hazard" occurs only when the affidavits forming the basis for the order for service lack averments of fact showing that due diligence was exercised to make personal service, thus making the orders based on such affidavits beyond jurisdiction and void. (See *Bakersfield Hacienda, Inc.* v. *Superior Court*, 199 Cal.App.2d 798, 803-805 [18 Cal.Rptr. 812]; *Batte* v. *Bandy*, 165 Cal.App.2d 527, 534-536 [332 P.2d 439]; cf. *Eagle Electric Mfg. Co.* v. *Keener*, 247 Cal.App. 2d 246, 251-253 [55 Cal.Rptr. 444].) It seems incongruous, to say the least, that real parties should complain of this possibility of collateral attack when it would arise only if they failed to make the proper showing in their affidavits to obtain substituted service. ■ Finally, it should be noted that any type of service, including personal service, may be collaterally attacked if the defective service of process and the resultant lack of jurisdiction is disclosed by the record. (See *Forbes* v. *Hyde*, 31 Cal. 342, 355; *Steuri* v. *Junkin*, 27 Cal. App.2d 758, 760 [82 P.2d 34]; *Regoli* v. *Fancher*, 1 Cal.2d 276, 281 [34 P.2d 477]; and see 3 Witkin, Cal. Procedure (1954) § 4, p. 2047.)

■ Real parties also assert that the constitutionality of the Corporations Code sections providing for substituted service has not been "adequately tested." Since they neither cite authorities nor offer legal arguments to show why these statutes are unconstitutional, this court is not obliged to consider their contention. (*People* ex rel. *Dept. of Public Works* v. *Garden Grove Farms*, 231 Cal.App.2d 666, 674 [42 Cal. Rptr. 118].)

Let the peremptory writ of prohibition issue as prayed; and let a peremptory writ of mandate issue commanding the Superior Court of Alameda County to set aside and vacate the order denying petitioner's motion to dismiss the action and to dismiss said action as to petitioner.

Sims, J., and Elkington, J., concurred.