[Civ. No. 11817. Second Appellate District, Division Two.—July 26, 1938.]

E. E. STEURI, Plaintiff, v. JOHN R. JUNKIN, Defendant; WILLIAM H. BRAWNER, Appellant; FRAZIER McINTOSH, Respondent.

Caryl Warner for Appellant.

Irving B. Drachlis for Respondent.

CRAIL, P. J.—This is an appeal from an order setting aside a judgment against Frazier McIntosh upon the ground that said judgment was void upon its face.

Back in 1928 this action was started with Steuri as plaintiff and Junkin as defendant. Thereafter Junkin filed an answer and counterclaim in which he asked judgment against Frazier McIntosh. This latter was the first and only pleading wherein a claim was asserted against McIntosh, who was not theretofore, at least, a party to the suit. Appellant now designates this counterclaim as a cross-complaint, but it is nowhere so designated in the record. No summons was ever issued upon this counterclaim, nor was personal service ever had upon McIntosh as a party or otherwise. The so-called cross-complaint was served by leaving a copy with McIntosh's secretary. Default was entered on this so-called cross-complaint against the plaintiff, and judgment was entered against the plaintiff and also against McIntosh for the sum of $6,285. So far as the record shows, no default was taken against McIntosh. Neither did he appear in the action.

McIntosh filed an affidavit in support of his motion to vacate the judgment wherein he alleged that the levy of execution upon said judgment first called the existence of the judgment to his attention on or about the 29th day of December, 1937, and thereupon he promptly noticed a motion to vacate said judgment upon the ground that said judgment is void upon its face. Mr. Junkin had assigned the judgment to appellant on December 28, 1937.

It is the contention of the appellant that upon a collateral attack, it will be presumed that all the essential jurisdictional facts did in fact exist, and therefore it will be presumed that McIntosh did in fact voluntarily appear in

the action, that the trial court had jurisdiction over his person at the time it rendered judgment against him and that there is nothing in the judgment roll which opposes the foregoing, citing 15 California Jurisprudence, page 59, section 145.

Assuming that the alleged counterclaim was a cross-complaint, said pleading was not served upon him. The judgment does not recite service upon him, or his appearance, or default. But, on the contrary, the judgment roll shows that the service was upon the secretary of McIntosh, not upon him. When what occurred is conclusively established by the record, the contrary cannot be presumed. Where the record speaks as to what was done on the subject of service, it will not be presumed that something other, different or additional was done; and where what was done is insufficient as a matter of law to give the court jurisdiction, the judgment is void on its face where the remainder of the record is silent upon the question of service, appearance and default of the party affected. (*Hahn* v. *Kelly*, 34 Cal. 391 [94 Am. Dec. 742].) ██ It is true that where the record is silent as to what was done it will be presumed that what ought to have been done was not only done but rightly done. But back of that rule is the rule that legal presumptions do not come to the aid of the record except as to acts or facts touching which the record is silent. When the record states what was done, it will not be presumed that something different was done. (*Grinbaum* v. *Superior Court*, 192 Cal. 528 [221 Pac. 635].) In the case of *Johnston* v. *Southern Pac. Co.*, 150 Cal. 535 [89 Pac. 348, 11 Ann. Cas. 841], it is stated, "Therefore when the record states the evidence or makes an averment with reference to a jurisdictional fact it will be understood to speak the truth on that point and it will not be *presumed* that there was other or different evidence respecting the fact or that the fact was otherwise than is averred." (15 Cal. Jur. 70, sec. 151.)

Section 442 of the Code of Civil Procedure provides with regard to the service of a cross-complaint. "A cross-complaint must be served upon the parties affected thereby. If any of the parties affected by the cross-complaint have not appeared in the action a summons on the cross-complaint must be issued and served upon them in the same manner as upon

the commencement of the original action." The judgment is void upon its face.

Order affirmed.

Wood, J., and McComb, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on September 21, 1938.