[Civ. No. 12105. Second Appellate District, Division Two.—May 1, 1939.]

E. E. STEURI, Plaintiff, v. JOHN R. JUNKIN, Defendant; WILLIAM H. BRAWNER, Appellant; FRAZIER McINTOSH, Respondent.

Caryl Warner for Appellant.

Irving B. Drachlis and Edwin H. Casey for Respondent.

WOOD, J.—The District Court of Appeal on July 26, 1938, affirmed an order of the superior court by which Frazier McIntosh became entitled to costs on appeal. (*Steuri* v. *Junkin*, 27 Cal. App. (2d) 758 [82 Pac. (2d) 34].) Thereafter, but before the *remittitur* came down, McIntosh executed an assignment of his claim for costs on appeal in favor of Edwin H. Casey, the assignment being filed on July 28, 1938. On September 15, 1938, the Supreme Court denied a petition for a hearing in the matter then on appeal and on September 22, 1938, McIntosh executed a new and distinct assignment of his claim for costs on appeal in favor of Casey. The *remittitur* from the District Court of Appeal awarding costs on appeal to McIntosh and against William H. Brawner was filed in the superior court on September 30, 1938. A memorandum of costs claiming only the expense of printing the briefs on appeal, the sum of $51.10, was filed in the superior court and thereafter Brawner moved in the superior court to strike the cost bill. He now appeals from the order denying his motion to strike.

It is the contention of appellant that McIntosh waived his right to file the cost bill by the execution of the assignment prior to the filing of the *remittitur*. There is no merit in this contention. The matter is covered by section 385 of the Code of Civil Procedure in which it is provided that an action or proceeding does not abate by the death or disability of a party or by the transfer of any interest therein. The section provides in part: "In case of any other transfer of interest, the action or proceeding may be continued in the name of the original party, or the court may allow the

person to whom the transfer is made to be substituted in the action or proceeding.'' The court did not err in denying the motion to strike the cost bill.

The order from which the appeal is taken is affirmed.

Crail, P. J., and McComb, J., concurred.