[No. A068884. First Dist., Div. Five. Nov. 7, 1995.]

LAFAYETTE MOREHOUSE, INC., et al., Plaintiffs and Appellants, v. CHRONICLE PUBLISHING COMPANY et al., Defendants and Respondents.

## COUNSEL

Richard W. Hyland and Walter P. Maksym for Plaintiffs and Appellants.

Cooper, White & Cooper, James M. Wagstaffe and Mark L. Tuft for Defendants and Respondents.

---

**OPINION**

**PETERSON, P. J.**—In this case, we hold that a prevailing defendant on a special motion to strike brought pursuant to Code of Civil Procedure[1] section 425.16 is entitled to recover attorney fees and costs only for the motion to strike, not for the entire action.

### I. FACTUAL AND PROCEDURAL BACKGROUND

This case is the follow-up to *Lafayette Morehouse, Inc.* v. *Chronicle Publishing Co.* (1995) 37 Cal.App.4th 855 [44 Cal.Rptr.2d 46] (*More I*), a case we decided recently. In *More I,* we ruled that section 425.16, which provides a mechanism for evaluating complaints against a person arising out of that person's exercise of the right of free speech, can, under certain circumstances, be applied to a defamation action which has been filed against news media defendants. In so ruling, we affirmed a trial court's decision to dismiss a libel complaint filed by More University and several affiliated persons and entities against the San Francisco Chronicle and several of its reporters[2] based on a series of articles that described the social and legal consequences of More's decision to open its property to the homeless.

While the prior appeal was pending, the Chronicle filed a motion under section 425.16, subdivision (c)[3] to recover the attorney fees and costs it had incurred defending More's suit. More opposed the motion arguing, among other things, that the Chronicle was only entitled to recover its fees and costs

---

[1] All subsequent statutory references are to the Code of Civil Procedure.

[2] The complaint names as plaintiffs Lafayette Morehouse, Inc., which does business as More University; Dr. Victor Baranco; Dr. Cynthia Baranco; and three additional corporate entities, Humore Inc., the Private Sector, and Turn On To America.

The named defendants are the Chronicle Publishing Company, the entity which publishes the Chronicle; and the reporters who wrote the articles, Dan Reed, April Lynch, and Alice Kahn.

As with the prior appeal, we will refer to the plaintiffs collectively as More and to the defendants as the Chronicle.

[3] Section 425.16, subdivision (c) states, "In any action subject to subdivision (b), a prevailing defendant on a special motion to strike shall be entitled to recover his or her attorney's fees and costs. If the court finds that a special motion to strike is frivolous or is solely intended to cause unnecessary delay, the court shall award costs and reasonable attorney's fees to a plaintiff prevailing on the motion, pursuant to Section 128.5."

for the motion to strike, not the entire suit. The trial court expressed some uncertainty about the scope of section 425.16, subdivision (c), but ultimately ruled the Chronicle was entitled to recover fees and costs for the entire action and awarded it nearly $66,000. This appeal followed.

## II. DISCUSSION

More challenges the award of fees on three grounds. It first argues the entire award must be reversed because section 425.16 does not apply to libel suits brought against news media defendants based on their reporting activities. We rejected this argument in *More I,* and we reject it again here. The present libel suit came within the scope of section 425.16 and was subject to a special motion to strike.

Second, More contends that its due process rights were violated because the billing statements submitted by the Chronicle in support of its request for fees contained redactions to conceal information protected by the attorney-client privilege. More has not cited any authority suggesting it had a due process right to information protected by the attorney-client privilege, or that the Chronicle was required to waive the privilege to obtain fees. We deem the argument waived for purposes of the present appeal. (See *Downey Savings & Loan Assn.* v. *Ohio Casualty Ins. Co.* (1987) 189 Cal.App.3d 1072, 1090 [234 Cal.Rptr. 835].)

Third, More raises the issue which troubled the trial court. More contends that even if section 425.16, subdivision (c) were applicable here, the Chronicle is only entitled to recover costs and fees for the motion to strike, not the entire suit.

We begin by recognizing that our primary duty when interpreting a statute is to determine and effectuate the Legislature's intent. (*Lennane* v. *Franchise Tax Bd.* (1994) 9 Cal.4th 263, 268 [36 Cal.Rptr.2d 563, 885 P.2d 976]; *Taxpayers to Limit Campaign Spending* v. *Fair Pol. Practices Com.* (1990) 51 Cal.3d 744, 764 [274 Cal.Rptr. 787, 799 P.2d 1220].) When the language of a statute is clear and unambiguous, there is no need for interpretation and we must apply the statute as written. (*Rojo* v. *Kliger* (1990) 52 Cal.3d 65, 73 [276 Cal.Rptr. 130, 801 P.2d 373]; see also *Ornelas* v. *Randolph* (1993) 4 Cal.4th 1095, 1105, fn. 8 [17 Cal.Rptr.2d 594, 847 P.2d 560].) When the language of a statute is ambiguous, however, we can turn to other sources of intent, including reports prepared by various legislative committees during the legislative process. (*DuBois* v. *Workers' Comp. Appeals Bd.* (1993) 5 Cal.4th 382, 393-394 [20 Cal.Rptr.2d 523, 853 P.2d 978]; *Perez* v. *Smith* (1993) 19 Cal.App.4th 1595, 1598 [24 Cal.Rptr.2d 186].)

 We believe section 425.16, subdivision (c) is ambiguous. It states, "In any action subject to subdivision (b), a prevailing defendant on a special motion to strike shall be entitled to recover his or her attorney's fees and costs." This language is susceptible to two interpretations: first, that a prevailing defendant on a motion to strike is entitled to attorney fees and costs for the entire action; second, that a prevailing defendant is entitled to fees and costs only for the motion to strike. In the face of this ambiguity, we turn to the legislative history. A report prepared by the Senate Committee on the Judiciary (the chairman of which authored the legislation that adopted section 425.16) leaves no doubt about the Legislature's intent. It states, "[Senate Bill No. 1264] would provide attorney's fees and costs to a prevailing defendant in a motion to strike. [¶] . . . [¶] *The provision applies only to the motion to strike, and not to the entire action.*" (Sen. Com. on Judiciary, Analysis of Sen. Bill No. 1264 (1991-1992 Reg. Sess.) p. 5, italics added.)[4] A Senate floor report contains similar language. It states, "This bill provides that a lawsuit against a defendant for that person's acts in furtherance of constitutional free speech or petition rights in connection with a public issue is subject to a motion to strike, unless the plaintiff shows the court that the lawsuit has a substantial probability of success. [¶] This bill also provides that a prevailing defendant in the motion to strike is entitled to recover his or her attorney's fees *for that motion.*" (Sen. Floor Rep., Analysis of Assem. Amend. to Sen. Bill No. 1264 (1991-1992 Reg. Sess.) p. 1, italics added.)

These reports clearly show the Legislature intended that a prevailing defendant on a motion to strike be allowed to recover attorney fees and costs only on the motion to strike, not the entire suit. We conclude the trial court erred when it awarded the Chronicle fees for the entire suit.

The result we reach here is consistent with the remaining language of section 425.16, subdivision (c) which states, "If the court finds that a special motion to strike is frivolous or is solely intended to cause unnecessary delay, the court shall award costs and reasonable attorney's fees to a plaintiff prevailing on the motion, pursuant to Section 128.5." As we read this language, a plaintiff who prevails on a motion to strike is limited to the costs and fees incurred defending the motion. The Legislature could, and we believe did, impose a similar limitation on prevailing defendants and, thus, establish a procedure whereby all parties who litigate motions to strike are treated equally.

---

[4]At oral argument, counsel for the Chronicle said he had never before seen this legislative report. We note, however, that More cited the report in its brief in this case, and that a copy of the report was attached *as an exhibit* to More's opening brief in the prior case. In an abundance of caution, we allowed both parties to submit additional briefing to discuss the report. We have reviewed that briefing and incorporate our response in the text of the opinion.

The Chronicle urges us to adopt the alternate interpretation, arguing the purpose of section 425.16, to deter litigation that is intended to chill the exercise of First Amendment rights, would be best served if a prevailing defendant is permitted to recover attorney fees and costs for the entire suit. While this may be true, our obligation when interpreting a statute is to ascertain and effectuate the Legislature's intent, i.e., determine what the Legislature intended and put that into effect. The legislative reports we have cited convince us that the Legislature intended the fee language in section 425.16, subdivision (c) to apply only to the motion to strike. We decline to interpret and apply the statute in a way other than as the Legislature intended.

Finally, relying on the rule that an appellate court must indulge in all presumptions that are necessary to support the trial court's ruling (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564 [86 Cal.Rptr. 65, 468 P.2d 193]), the Chronicle argues that even if a prevailing defendant is limited to recovering the costs and fees spent on the motion to strike, the fee order here should not be reversed because More failed to carry its appellate burden of proving the court awarded costs and fees for anything other than the motion to strike. This is simply incorrect. The transcript of the fee hearing leaves no doubt that the court awarded costs and fees for the entire case and not just the motion to strike. When the record clearly demonstrates what the trial court did, we will not presume it did something different. (*Steuri v. Junkin* (1938) 27 Cal.App.2d 758, 760 [82 P.2d 34].)

III. DISPOSITION

The order awarding fees is reversed.

King, J., and Haning, J., concurred.

Respondents' petition for review by the Supreme Court was denied February 15, 1996.