Filed 4/17/13  Zhang v. Sugars CA2/1

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION ONE

| | |
|---|---|
| SHUMIN ZHANG,<br><br>        Plaintiff and Appellant,<br><br>        v.<br><br>STEVEN L. SUGARS et al.,<br><br>        Defendants and Respondents. | B243152<br><br>(Los Angeles County<br>Super. Ct. No. BC466079) |

        APPEAL from orders of the Superior Court of Los Angeles County, Malcolm H. Mackey, Judge.  Affirmed.

        Shumin Zhang, in pro. per., for Plaintiff and Appellant.

        No appearance for Defendants and Respondents.

_____

In a prior appeal (Jan. 28, 2013, B238290), we affirmed the trial court's order granting defendant-attorneys' special motions to strike brought under the statute prohibiting strategic lawsuits against public participation (SLAPP) (Code Civ. Proc., § 425.16; undesignated section references are to that code.) By way of the present appeal, plaintiff Shumin Zhang challenges the trial court's subsequent orders awarding defendants their costs and attorney fees. More specifically, she contends that defendants' memorandum of costs and one of the motions for attorney fees were untimely filed and that the trial court erred in awarding costs to one of the defendants because the costs were not incurred in connection with bringing his anti-SLAPP motion. We conclude that plaintiff's contentions lack merit and affirm.

## BACKGROUND

The order granting the anti-SLAPP motions was filed on November 4, 2011. On May 2, 2012, defendant-attorney Steven L. Sugars filed and served plaintiff by mail with a memorandum of costs. On or about the same day, Sugars also filed and served plaintiff by mail with a motion for attorney fees. On or about May 8, 2012, defendant-attorney Paul P. Cheng filed and served plaintiff by mail with a motion for attorney fees and costs. For her part, on or about May 21, 2012, plaintiff filed and served defendants by mail with a motion to strike and tax costs; the motion was directed at Sugars's memorandum of costs. On or about May 25, 2012, plaintiff filed and served defendants by mail with an opposition to Cheng's motion for attorney fees. On or about June 1, 2012, she filed and served defendants with an opposition to Sugars's motion for attorney fees.

In the foregoing paragraph, we say "on or about" because the record does not include the proofs of service for the pertinent documents with the exception of Sugars's memorandum of costs. In the absence of the proofs of service, we have relied on other information—such as the dates on which the documents were signed or file-stamped—to estimate the dates of service. Because plaintiff, as the appellant, was required to provide this court with a complete record and failed to do so, she cannot be heard to complain that we have used estimated dates of service. (See *Stasz v. Eisenberg* (2010) 190 Cal.App.4th 1032, 1038–1039; *Estate of Fain* (1999) 75 Cal.App.4th 973, 987, 992.)

2

By minute order dated June 8, 2012, the trial court denied the motion for attorney fees brought by Cheng because he had represented himself in bringing his anti-SLAPP motion. (See *Trope v. Katz* (1995) 11 Cal.4th 274, 292.) The same minute order awarded Cheng $830 in costs.

By minute order dated June 14, 2012, the trial court granted in part the motion for attorney fees brought by Sugars. He had represented himself as well as other, independent attorneys in bringing an anti-SLAPP motion. As the trial court explained in its minute order: "The Court finds that any work that Steven Sugars did on his own behalf or on behalf of the Law Offices of Steven Sugars is not recoverable as attorney's fees. Attorney's fees in conjunction with representing other defendant attorneys is recoverable." The court awarded Sugars $13,300 in attorney fees and $1,975 in costs for a total of $15,275. It also advanced the June 29, 2012 hearing on plaintiff's motion to strike and tax costs to June 14, 2012, and "vacated [the motion] as moot." Plaintiff filed an appeal from the June 8 and 14, 2012 minute orders.

## DISCUSSION

On appeal, plaintiff contends that Sugars's motion for attorney fees was untimely filed and should have been denied on that ground. She makes the same argument about Sugars's memorandum of costs. Plaintiff also argues that the trial court erred in awarding $830 in costs to Cheng because the costs were not incurred in connection with his anti-SLAPP motion. We reject these contentions for the following reasons.

### A. Motion for Attorney Fees

"A notice of motion to claim attorney's fees for services up to and including the rendition of judgment in the trial court—including attorney's fees on an appeal before the rendition of judgment in the trial court—must be served and filed *within the time for filing a notice of appeal* . . . in an unlimited civil case . . . ." (Cal. Rules of Court, rule 3.1702(b)(1), italics added.) "[A] notice of appeal must be filed on or before *the earliest of*: [¶] (A) 60 days after the superior court clerk serves on the party filing the notice of appeal a document entitled '*Notice of Entry*' of judgment or a *file-stamped copy* of the judgment, showing the date either was served; [¶] (B) 60 days after the party filing the notice of appeal serves or is

3

served by a party with a document entitled '*Notice of Entry*' of judgment or a *file-stamped copy* of the judgment, accompanied by proof of service; or [¶] (C) *180 days after entry of judgment*." (*Id.*, rule 8.104(a)(1), italics added.)

According to the record, no one served either a "Notice of Entry" of the order granting the anti-SLAPP motions or a file-stamped copy of that order on any party. Similarly, the "Case Summary," which shows the docket entries in the trial court, does not indicate that a "Notice of Entry" or a file-stamped copy of the order was served on any party. Consequently, defendants had 180 days from the entry of the order granting the anti-SLAPP motions within which to file a motion for attorney fees. The anti-SLAPP motions were granted by an order filed on November 4, 2011. Under California Rules of Court, rule 8.104(a)(1)(C), Sugars had 180 from that date—up to and including May 2, 2012— within which to file his motion for attorney fees. Because Sugars filed and served the motion for attorney fees on May 2, 2012, it was timely filed.

## B. Memorandum of Costs

"A prevailing party who claims costs must serve and file a memorandum of costs within 15 days after the date of mailing of the *notice of entry* of judgment or dismissal by the clerk . . . or the date of service of written *notice of entry* of judgment or dismissal, or *within 180 days after entry of judgment, whichever is first*." (Cal. Rules of Court, rule 3.1700(a)(1), italics added.) As stated, no one served a "Notice of Entry" of the order granting the anti-SLAPP motions on any party. Accordingly, under California Rules of Court, rule 3.1700(a)(1), the deadline for filing a memorandum of costs was the same as the deadline for filing a motion for attorney fees, that is, on or before May 2, 2012. Because the memorandum of costs was filed and served on May 2, 2012, it was timely.

## C. Cost Award of $830

In general, a defendant who prevails on an anti-SLAPP motion is entitled to recover his or her costs and attorney fees. (See § 425.16, subd. (c)(1).) In *Lafayette Morehouse, Inc. v Chronicle Publishing Co.* (1995) 39 Cal.App.4th 1379 (*Lafayette*), the Court of Appeal held that, under the anti-SLAPP statute (§ 425.16, subd. (c)(1)), a prevailing defendant is entitled to costs and attorney fees incurred in connection with bringing the anti-

4

SLAPP motion but not for work performed on other aspects of the case (*Lafayette*, at p. 1381). "[A] prevailing defendant on a motion to strike [is] allowed to recover attorney fees and costs only on the motion to strike, not the entire suit." (*Id.* at p. 1383.)

Plaintiff relies on *Lafayette* in arguing that the $830 in costs awarded to Cheng were not incurred in connection with the bringing of his anti-SLAPP motion and were therefore not recoverable. In awarding the challenged costs, the trial court stated in its minute order: "The Court grants costs in the amount of $830.00, as fully reflected in the notes of the official court reporter and incorporated herein by reference." Plaintiff elected not to have a reporter's transcript prepared. But as the appellant, she has the burden of proving the trial court erred. (See *Bell v. H.F. Cox, Inc*. (2012) 209 Cal.App.4th 62, 80; *Plotnik v. Meihaus* (2012) 208 Cal.App.4th 1590, 1600.) In the absence of the reporter's transcript, we presume that the trial court's ruling was correct. (See *Bell*, at p. 80; *Plotnik*, at p. 1600.) Further, although plaintiff has apparently overlooked a relevant part of the record, we point out that, in seeking to recover costs, Cheng indicated he had paid $790 as a "first appearance" fee and $40 to file the anti-SLAPP motion. Cheng had to pay both of those amounts to bring the anti-SLAPP motion. His first appearance was not by way of an answer or demurrer to the complaint. Rather, the anti-SLAPP motion constituted his first appearance. Under *Lafayette*, he was therefore entitled to $830 in costs.

Finally, plaintiff appears to challenge the trial court's June 14, 2012 order advancing the hearing on her motion to strike and tax costs and declaring it moot. But the arguments plaintiff made in that motion were the same arguments that appeared in her oppositions to defendants' motions for attorney fees and costs. As a result, she suffered no prejudice. Absent prejudice, the trial court's decision cannot be reversed. (See *Taylor* v. *Varga* (1995) 37 Cal.App.4th 750, 759, fn. 9; Cal. Const., art. VI, § 13; Code Civ. Proc., § 475; *Soule* v. *General Motors Corp*. (1994) 8 Cal.4th 548, 573–574.)

In sum, none of plaintiff's contentions have merit. We therefore affirm the orders challenged on appeal.

## DISPOSITION

The orders are affirmed.

NOT TO BE PUBLISHED.

MALLANO, P. J.

We concur:

ROTHSCHILD, J.

CHANEY, J.

6