Filed 5/2/16  Grandmaison v. Rosa CA2/7

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| ALICIA G. GRANDMAISON, as Trustee, etc.,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>ANGELO L. ROSA,<br><br>Defendant and Appellant. | B264954<br><br>(Los Angeles County<br>Super. Ct. BC514954) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Richard L. Fruin, Jr., Judge.  Reversed and remanded.

Marsh Rosa and Gary L. Marsh for Defendant and Appellant.

Law Offices of Richard A. Marcus and Richard A. Marcus for Plaintiff and Respondent.

_____

## INTRODUCTION

In order to prevail on a cause of action for promissory fraud, "'something more than nonperformance is required to prove the defendant's intent not to perform his promise.'" (*Tenzer v. Superscope, Inc.* (1985) 39 Cal.3d 18, 30 (*Tenzer*).) In this case, there was a little more, but not much. Was it enough? Not quite. Therefore, we reverse.

## FACTUAL AND PROCEDURAL BACKGROUND

In October 2008 Samuel Grandmaison loaned $200,000 to New Earth Systems, Inc., a company in which he had previously invested, pursuant to a written promissory note. At the same time, Angelo Rosa, the company's Chief Executive Officer and an attorney, signed a personal guaranty of the loan.

Grandmaison made the loan at Rosa's urging, after declining to make a further investment in the company. Rosa induced Grandmaison to make the loan by representing that he had the financial ability to repay the loan if New Earth Systems did not because "he owned law practices generating substantial fees in Idaho and Utah." Rosa also told Grandmaison that "he was a very successful lawyer," "had substantial earning capacity through his law practices," and the company "was on the path to marketing its product." Grandmaison made the loan based on Rosa's promises.

New Earth Systems defaulted in January 2009, and counsel for Grandmaison sent a demand letter to Rosa in July 2009. In August 2010 Rosa wrote: "I have told both you and [your attorney] that I do not have any money to pay you with. I do not have any disposable income and do not expect to have any for some time to come."

Grandmaison filed this action in July 2013, which, according to the trial court, was "more than four years after" New Earth Systems failed to make the first payment due under the terms of the promissory note in January 2009, but "within three years from the date Rosa told [Grandmaison] he had no money and that he could not perform his obligations under" the guaranty in August 2010. Grandmaison alleged causes of action

2

for breach of guaranty, fraud, and negligent misrepresentation. In his fraud cause of action, Grandmaison alleged that Rosa falsely represented he "was a successful and affluent attorney who had the financial means available to personally guaranty the obligations of New Earth Systems" and that Grandmaison "had no reason to worry about" any default by New Earth Systems because Rosa was guarantying the company's obligations. Grandmaison alleged that "Rosa misrepresented his financial condition and ability to personal[ly] guaranty the obligations of New Earth Systems," and that Rosa "did not have the financial resources or assets necessary to effectively personally guaranty the obligations" he was guarantying.

The case proceeded to a court trial. Grandmaison appeared with his attorney and testified. Rosa's attorney appeared at the trial, but Rosa did not.[1] There was no court reporter for the trial. The court received into evidence eight exhibits, including paragraphs 24-32 of an unidentified declaration by Grandmaison, but, other than the promissory note and guaranty (which were attached to the complaint), none of the exhibits is in the record on appeal.

In its statement of decision, the court found that the four-year statute of limitations barred Grandmaison's cause of action for breach of the written guaranty. Grandmaison has not appealed that ruling.

On the fraud cause of action, the court concluded that Grandmaison's evidence was "sufficient to support the inference that Rosa did not have the ability to pay the obligation when he signed the [guaranty] and he, therefore, did not have the intent of performing . . . when he signed it." The court stated that Grandmaison testified that, to induce him to make the loan, Rosa told him "he was receiving substantial fees from his

---

[1]    In a declaration apologizing for not appearing at, but not requesting a continuance of, the trial, Rosa explained that he had only recently learned of the trial date and had "prior litigation commitments" in Minnesota, Montana, and New York. Rosa stated that the depositions at which he had to appear were "critical to my clients' interests and I would be failing in my duties as counsel if I were to not appear," and "I have always placed my clients' interests at the forefront of my actions . . . ."

3

law practices that he represented to be very successful." The court found that "22 months later Rosa stated that he had no money or ability to honor" the guaranty. The court stated that it "infer[red] from this uncontradicted evidence that Rosa misrepresented to [Grandmaison] in October, 2008 that he had sufficient assets and an earning capacity as a lawyer from which he could and would re-pay" the loan if the company failed to do so. The court found "Rosa was motivated to make such representations because he would benefit personally, as an investor in [New Earth Systems], and, in fact, as its Chief Executive Officer . . . ." The court also found that Grandmaison "relied on Rosa's representations – indeed it was, as he told Rosa, the only basis on which he would make a loan to [New Earth Systems]. [Grandmaison's] reliance on Rosa's promise to guaranty the company's repayment was reasonable because Rosa told him he was a successful lawyer, generating income from law practices in two states, and because Rosa, as an insider at [New Earth Systems], was in a position to represent to [Grandmaison] that his guaranty would present 'no problem' because [the company] would be able to repay the loan." The court also noted that Rosa had prepared the promissory note and the guaranty.

The court inferred from Rosa's August 2010 letter "that when Rosa said in October 2008 he had flourishing law practices in two states that generated substantial fees from which he could pay (and would pay) any [New Earth Systems] obligation owed to [Grandmaison] his representation was not true and that he had knowledge it was not true. No evidence was offered to overcome that inference. That is, no evidence was offered that Rosa had successful, income-generating law practices in Idaho and Utah in October, 2008 but that [his] law practices collapsed between then and August, 2010 so that he had no ability to pay on his guaranty. The court concludes that the trial record establishes that [Grandmaison] proved all elements that are needed to prove Rosa liable for promissory fraud." The court also found that Grandmaison's fraud cause of action was not barred by the applicable three-year statute of limitations because he filed this action within three years of discovering the fraud in August 2010 when he received Rosa's letter saying he had no money to pay the guaranty.

4

The court entered judgment on May 18, 2015 in the amount of $333,344.44. Rosa filed a timely notice of appeal. Grandmaison died during the pendency of this appeal. On April 26, 2016 this court granted a motion by Alicia Grandmaison, as trustee of the Grandmaison Trust dated October 26, 2011 (the trustee), to substitute into the case as the respondent.

## DISCUSSION

Rosa argues that the trial court erred in ruling that his August 2010 letter was sufficient to prove promissory fraud. Rosa does not dispute any of the facts surrounding the letter, including that he wrote it, when he sent it, or what it says. Rosa argues that his statement that he had no money or disposable income to pay Grandmaison in August 2010 is not enough, without more, to prove that he had no intent or ability to perform his obligations under the guaranty in October 2008. And that there is no more.

A.      *Standard of Review*

"In a nonjury trial the appellant preserves the record by requesting and obtaining from the trial court a statement of decision pursuant to California Code of Civil Procedure section 632. The statement of decision provides the trial court's reasoning on disputed issues and is our touchstone to determine whether or not the trial court's decision is supported by the facts and the law." (*Slavin v. Borinstein* (1994) 25 Cal.App.4th 713, 718; see *In re Marriage of Sellers* (2003) 110 Cal.App.4th 1007, 1010 ["[a] statement of decision is as much, or more, for the benefit of the Court of Appeal as for the parties"].) "Under the general rules applicable to a trial court's statement of decision, an appellate court independently reviews questions of law and applies the substantial evidence standard to findings of fact." (*Central Valley General Hospital v. Smith* (2008) 162 Cal.App.4th 501, 513; see *M & F Fishing, Inc. v. Sea-Pac Ins. Managers, Inc.* (2012) 202 Cal.App.4th 1509, 1519, fn. 12.)

5

B.   *The Trial Court Erred in Ruling Grandmaison Prevailed on His*
     *Promissory Fraud Claim*

"'"'Promissory fraud' is a subspecies of fraud and deceit.  A promise to do something necessarily implies the intention to perform; hence, where a promise is made without such intention, there is an implied misrepresentation of fact that may be actionable fraud.  [Citations.]  [¶]  An action for promissory fraud may lie where a defendant fraudulently induces the plaintiff to enter into a contract.'  [Citation.]  The elements of fraud that will give rise to a tort action for deceit are:  '"(a) misrepresentation (false representation, concealment, or nondisclosure); (b) knowledge of falsity (or 'scienter'); (c) intent to defraud, i.e., to induce reliance; (d) justifiable reliance; and (e) resulting damage."'"  (*Engalla v. Permanente Medical Group, Inc.* (1997) 15 Cal.4th 951, 973-974; see *Rossberg v. Bank of America, N.A.* (2013) 219 Cal.App.4th 1481, 1498.)

To establish liability for promissory fraud based on a failure to perform a contractual obligation, "'something more than nonperformance is required to prove the defendant's intent not to perform his promise.'"  (*Tenzer*, *supra*, 39 Cal.3d at p. 30.)  For example, fraudulent intent may be inferred "from such circumstances as defendant's insolvency, his hasty repudiation of the promise, his failure even to attempt performance, or his continued assurances after it was clear he would not perform.  [Citation.]  However, if plaintiff adduces no further evidence of fraudulent intent than proof of nonperformance of an oral promise, he will never reach a jury."  (*Id.* at pp. 30-31, citing Prosser, Torts (5th ed. 1984) § 109, pp. 764-765; see *Riverisland Cold Storage, Inc. v. Fresno-Madera Production Credit Assn.* (2013) 55 Cal.4th 1169, 1183 ["the intent element of promissory fraud entails more than proof of an unkept promise or mere failure of performance"]; *Conrad v. Bank of America* (1996) 45 Cal.App.4th 133, 156-157 ["a claim of fraud cannot be permitted to serve simply as an alternative cause of action whenever an enforceable contract is not formed"].)

In concluding that Grandmaison proved the elements of promissory fraud, the trial court determined that Rosa did not intend to perform the guaranty when he signed it in October 2008 based on a finding that Rosa did not have the ability to pay the obligation at that time. The latter finding the court inferred exclusively from Rosa's statement in August 2010 that he did not have the means to honor the guaranty. The court also inferred from Rosa's August 2010 statement "that Rosa was similarly without funds or an ability to generate funds needed to honor his [guaranty] in October, 2008 and that his representations to the contrary were misrepresentations of fact."

The trial court's inferences were unreasonable. Specifically, it was not reasonable to infer Rosa's inability to pay in October 2008 solely from evidence that he could not pay almost two years later, in August 2010. The fact that Rosa could not pay in August 2010 does not prove, even inferentially, that he could not pay in October 2008. (See *Conrad v. Bank of America*, *supra*, 45 Cal.App.4th at p. 157 [failure to perform at a later time does not establish fraudulent intent at the time of the promise]; see, e.g., *Fluorine On Call, Ltd. v. Fluorgas Ltd.* (5th Cir. 2004) 380 F.3d 849, 853, 859 [evidence that contracting party intended to terminate the contract by December 2000 was "not evidence that [the contracting party] entered the contract without intending to perform" in August 2000]; *Asbury Square, L.L.C. v. Amoco Oil Co.* (S.D.Iowa 2003) 218 F.R.D. 183, 193 [2002 environmental report showing oil company's promised remediation plan was inadequate, "without more, provides little factual notice of evidence that [the oil company] did not intend to fulfill its promises at the time they were made in 1998"]; see also *U.S. ex rel. Garst v. Lockheed-Martin Corp.* (7th Cir. 2003) 328 F.3d 374, 378 ["there is no 'fraud by hindsight'"].) The trial court did not cite to any other evidence to support the court's inference that Rosa did not have the ability to pay the guaranty in October 2008. Thus, the trial court's ruling in its statement of decision that Grandmaison had proven promissory fraud rested on a factual finding that is not supported by the evidence the court cited.

Citing the "cardinal rule of appellate review" that an appellate court will presume that a judgment or order of the trial court is correct (*Foust v. San Jose Construction Co., Inc.* (2011) 198 Cal.App.4th 181, 186), the trustee contends that, because there is no reporter's transcript to establish what evidence the parties introduced at trial, we must presume that there was substantial evidence to support the court's factual determinations. The trustee makes this contention in various ways, including that Rosa "waived his right to review by not providing a sufficient record of the oral proceedings," "the absence of a record concerning what actually occurred at trial precludes a determination that the trial court erred," and "failure to provide an adequate record of the oral proceedings bars [Rosa] from claiming the evidence was insufficient" to support the trial court's rulings.

This cardinal rule does not apply here. An appellate court will indulge presumptions to support the trial court's judgment only "on matters as to which the record is silent." (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564; see *Chalmers v. Hirschkop* (2013) 213 Cal.App.4th 289, 299 ["*if the record is silent* we indulge all reasonable inferences in support of the judgment or order," italics added]; *Foust*, *supra*, 198 Cal.App.4th at pp. 186-187 ["'*[i]n the absence of a contrary showing in the record*, all presumptions in favor of the trial court's action will be made by the appellate court,'" italics added]; *Border Business Park, Inc. v. City of San Diego* (2006) 142 Cal.App.4th 1538, 1550 (*Border*) [presumption of correctness "applies only on a silent record"]; *Steuri v. Junkin* (1938) 27 Cal.App.2d 758, 760 ["legal presumptions do not come to the aid of the record except as to acts or facts touching which the record is silent"].) On the other hand, "[w]hen the record clearly demonstrates what the trial court did, we will not presume it did something different." (*Lafayette Morehouse, Inc. v. Chronicle Publishing Co.* (1995) 39 Cal.App.4th 1379, 1384; accord, *Border*, at p. 1550; see *Mt. Holyoke Homes, L.P. v. Jeffer Mangels Butler & Mitchell, LLP* (2013) 219 Cal.App.4th 1299, 1315, fn. 7 ["if the record clearly discloses the reasons for the trial court's ruling, we will not presume that the court relied on a different reason"].)

Here, the record is not silent. The presumption of correctness does not apply because the statement of decision clearly and adequately demonstrates the trial court's error. The statement of decision states that the court based its decision on Grandmaison's promissory fraud claim on one factual finding: Rosa did not have the ability to pay the guaranty in October 2008. The court inferred this fact exclusively from evidence that Rosa did not have the ability to pay the guaranty in August 2010, an inference that was not reasonable. Thus, the record demonstrates that the trial court's ruling rested on an error, and leaves no room to presume otherwise. (See *Border*, *supra*, 142 Cal.App.4th at 1550; cf. *Aguilar v. Avis Rent A Car System, Inc.* (1999) 21 Cal.4th 121, 132 [where trial court stated that its factual finding was "'based on evidence observed during the trial,'" lack of reporter's transcript of the trial left appellants unable to argue that insufficient evidence supported the finding].) The trial court's error was "an error that 'appears on the face of the record.'" (*Kucker v. Kucker* (2011) 192 Cal.App.4th 90, 94; see *Cooper v. County of Los Angeles* (1975) 49 Cal.App.3d 34, 40 [even where there is no reporter's transcript, "error which is manifest on the face of the record . . . requires reversal"].)

Finally, citing California Rules of Court, rule 8.120(b), the trustee argues that Rosa waived his right to appellate review of the trial court's ruling because there is no reporter's transcript of the trial. (See Cal. Rules of Court, rule 8.120(b) ["[i]f an appellant intends to raise any issue that requires consideration of the oral proceedings in the superior court, the record on appeal must include a record of these oral proceedings"].) California Rules of Court, rule 8.163, however, provides, that "[t]he reviewing court will presume that the record in an appeal includes all matters material to deciding the issues raised. If the appeal proceeds without a reporter's transcript, this presumption applies only if the claimed error appears on the face of the record." (Cal. Rules of Court, rule 8.163; see *National Secretarial Service, Inc. v. Froehlich* (1989) 210 Cal.App.3d 510, 521.) Because the trial court's error appears on the face of the record, we presume the record includes all matters material to our decision, and Rosa did not waive his right to appellate review. Indeed, because the court's error appears on the face of the record, it was the trustee's obligation to provide a respondent's appendix that

9

included exhibits, documents, transcripts, or a settled statement to refute the error. (See *Lankster v. Alpha Beta Co.* (1993) 15 Cal.App.4th 678, 684; *Stauffacher v. Stauffacher* (1964) 227 Cal.App.2d 735, 737 [discussing predecessor to Cal. Rules of Court, rule 8.163].)[2]

## DISPOSITION

The judgment is reversed and remanded with directions to enter judgment in favor of Rosa. (See *Kim v. Westmoore Partners, Inc.* (2011) 201 Cal.App.4th 267, 289.) Rosa is to recover his costs on appeal.


SEGAL, J.


We concur:


ZELON, Acting P. J.


BLUMENFELD, J.[*]

---

[2] The trustee also suggests that Rosa waived his right to challenge the court's finding that Rosa did not intend to pay the guaranty in October 2008 by failing to present all the material evidence on that point. The trial court's statement of decision, however, contains all of the evidence the trustee asserts Rosa failed to present.

[*]Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.