Filed 3/2/26  P. v. Ryan CA5

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>　　Plaintiff and Respondent,<br><br>　　　v.<br><br>NATHAN JOSEPH RYAN,<br><br>　　Defendant and Appellant. | F088831<br><br>(Super. Ct. No. BF197971A)<br><br><br>OPINION |

-ooOoo-

THE COURT[*]

APPEAL from a judgment of the Superior Court of Kern County.  J. Eric Bradshaw, Judge.

Elisa A. Brandes, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Charles C. Ragland, Chief Assistant Attorney General, Kimberley A. Donohue, Assistant Attorney General, David A. Lowe and Barton Bowers, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*]    Before Hill, P. J., Detjen, J. and De Santos, J.

## INTRODUCTION

The trial court denied defendant Nathan Joseph Ryan's petition for mental health diversion under Penal Code section 1001.36.1.[1]  The court found him eligible but not suitable for diversion, reasoning that defendant targeted vulnerable victims.  Defendant subsequently pleaded no contest to second degree robbery and was sentenced to two years in prison.

On appeal, defendant contends that the trial court abused its discretion in denying his motion for mental health diversion.  We agree that the court applied an incorrect legal standard in ruling on his petition.  We thus conditionally vacate defendant's no contest plea, conditionally reverse the judgment, and remand the matter for further proceedings consistent with section 1001.36.

## PROCEDURAL BACKGROUND AND FACTUAL SUMMARY

On January 7, 2024, Carlos R. was waiting near a store in Bakersfield with his backpack hanging from the arm of his walker.  Defendant approached Carlos and offered to carry the backpack, but Carlos declined the assistance.  Defendant warned Carlos that he had a knife if Carlos did not give defendant the backpack.  Carlos was scared and screamed in panic.  Defendant took his backpack.

The District Attorney of Kern County filed an information on February 15, 2024, charging defendant with second degree robbery (§ 212.5, subd. (c)) and alleging five aggravating sentencing factors (Cal. Rules of Court, rule 4.421(a)(1)–(3), (9) & (b)(1)).  Defendant pleaded not guilty and denied the allegations.  Defendant filed a motion for mental health diversion pursuant to section 1001.36 on June 27, 2024.  The trial court denied the motion.

---

[1]     Undesignated statutory references are to the Penal Code.

Defendant withdrew his plea of not guilty, entered a new plea of no contest, and admitted the allegations. The trial court found defendant ineligible for probation and sentenced him to the lower term of two years in prison.

Defendant filed a timely appeal on October 22, 2024.

## DISCUSSION

### I.     Background

Defendant supported his motion for diversion with an "Adult Transition Team Eligibility Report" (some capitalization omitted) authored by a behavioral health therapist. The report "offered" diagnoses of "Schizophrenia, Unspecified [¶] Alcohol use Disorder, Severe [¶] Cannabis use Disorder, Severe [¶] Amphetamine-type substance use disorder, severe [¶] [and] Other hallucinogen use disorder, Moderate." According to the behavioral health therapist, the listed conditions cause significant impairments in defendant's daily functioning that might benefit from outpatient mental health services to decrease those impairments and help decrease defendant's risk of recidivism. The court was provided the police report of the incident that described defendant's statements after the robbery. Defendant claimed that a voice told him to grab the backpack from Carlos and that defendant was schizophrenic and bipolar. Defendant also admitted that he used methamphetamine and marijuana and drank alcohol. While defendant was not sure what he intended to do with the backpack, he believed that he would probably go through it later. Defendant denied threatening Carlos or brandishing a knife.

The prosecutor's written opposition to defendant's motion provided information that defendant has a prior wardship felony conviction related to his commission of oral copulation with a minor under age 14 (former § 288a, subd. (c)(2)).

At the hearing on defendant's motion, the prosecutor argued that the behavioral health therapist's qualifications had not been established, her report was hearsay, and defendant selected a vulnerable victim for his crime and posed an unreasonable risk to the community. The court overruled the prosecutor's objection to the behavioral health

3.

therapist's report and recounted the facts of the offense as set forth in the complaint and preliminary hearing transcript, recognizing that defendant had a knife in his pocket when arrested. The court agreed that defendant was eligible for mental health diversion based upon his motion but concluded that it did not know enough of the facts to make a finding by clear and convincing evidence that he was a threat to society because he would commit a super strike.

The court recognized that defendant was not statutorily ineligible for mental health diversion just because he has a section 288 prior conviction but considered that it was a significant enough concern for the Legislature that it amended section 1001.36 so that defendants currently charged with violating section 288 would not be eligible for diversion. The court noted that defendant's prior offense reflects a legislative concern to protect victims considered vulnerable because they are under the age of 18 years.[2] The court observed that Carlos, the victim in the instant case, was vulnerable because he required the use of a walker. The court expressed concern that "the information, as limited as it is to the Court, [is] that he targets easy victims." Although the court recognized that there might be factors in mitigation as to defendant's prior offense, it concluded, "I'm going to find the defendant eligible, but unsuitable because he targeted [vulnerable] people." Defense counsel added that defendant had been 13 years old at the time of the section 288 offense, but this information did not change the court's ruling.

## II.     *Standard of Review and Applicable Law*

We review a trial court's order denying mental health diversion for abuse of discretion and its factual findings for substantial evidence. (*People v. Moine* (2021) 62 Cal.App.5th 440, 448–449.) "A court abuses its discretion when it makes an arbitrary or capricious decision by applying the wrong legal standard [citations], or bases its

---

**2**     The reporter's transcript uses the word "voluntarily," but we believe that this is a mistake as the court was discussing defendant's targeting of "easy victims" and the word "voluntarily" appears out of context given the court's discussion.

decision on express or implied factual findings that are not supported by substantial evidence [citation]." (*Id.* at p. 449.) We presume a trial court's order is correct and indulge all intendments and reasonable inferences to support it. (*People v. Giordano* (2007) 42 Cal.4th 644, 666.) Absent evidence to the contrary, we presume a trial court knew the law and followed it. (*People v. Ramirez* (2021) 10 Cal.5th 983, 1042.) But where a court's ruling clearly expresses the legal and factual basis for its resolution of controverted issues, an appellate court will not imply findings the trial court did not make. (See, e.g., *Lafayette Morehouse, Inc. v. Chronicle Publishing Co.* (1995) 39 Cal.App.4th 1379, 1384.)

Section 1001.36, subdivision (b)(1)(2) provides that a defendant is eligible for mental health diversion if (1) they present evidence that in the last five years they have been diagnosed by a qualified mental health expert with a mental disorder as identified in the most recent edition of the Diagnostic and Statistical Manual of Mental Disorders, and (2) their mental disorder was a significant factor in the commission of the charged offense. As to the second criteria, "[i]f the defendant has been diagnosed with a mental disorder, the court shall find that the defendant's mental disorder was a significant factor in the commission of the offense unless there is clear and convincing evidence that it was not a motivating factor, causal factor, or contributing factor to the defendant's involvement in the alleged offense." (§ 1001.36, subd. (b)(2).)

If a defendant satisfies the eligibility requirements in section 1001.36, subdivision (b), the court then must consider whether the defendant is suitable for diversion based on the following criteria set forth in section 1001.36, subdivision (c): (1) In the opinion of a qualified mental health expert, the defendant's symptoms of the mental disorder that caused, contributed to, or motivated the defendant's criminal behavior would respond to mental health treatment; (2) The defendant consents to diversion and waives their right to a speedy trial; (3) The defendant agrees to comply with treatment as a condition of diversion; and (4) The defendant will not pose an

5.

unreasonable risk of danger to public safety, as defined in section 1170.18,[3] if treated in the community.

The court, in its discretion, may order the defendant to diversion if it finds the defendant both eligible and suitable (§ 1001.36, subd. (a)) and "is satisfied that the recommended inpatient or outpatient program of mental health treatment will meet the specialized mental health treatment needs of the defendant" (*id.*, subd. (f)(1)(A)(i)). Thus, a diversion order is expressly discretionary with the court, even when all of the criteria are met. (See § 1001.36, subd. (a) ["the court may, in its discretion" grant pretrial diversion if the defendant satisfies eligibility requirements and the court determines the defendant is suitable].) However, this residual discretion "must be exercised ' "consistent with the principles and purpose of the governing law." ' " (*Vaughn v. Superior Court* (2024) 105 Cal.App.5th 124, 135; accord, *Sarmiento v. Superior Court* (2024) 98 Cal.App.5th 882, 892.)

"The stated purpose of mental health diversion ' "is to keep people with mental disorders from entering and reentering the criminal justice system while protecting public safety, to give counties discretion in developing and implementing diversion across a continuum of care settings, and to provide mental health rehabilitative services." ' " (*Gomez v. Superior Court* (2025) 113 Cal.App.5th 671, 691.) Legislative history confirms there is "a strong legislative preference for treatment of mental health disorders because of the benefits of such treatment to both the offending individual and the community." (*Sarmiento v. Superior Court, supra*, 98 Cal.App.5th at pp. 892–893.)

---

[3] The "unreasonable risk of danger to public safety" contained in section 1170.18 is defined as "an unreasonable risk that the petitioner will commit a new violent felony," within the meaning of section 667, which lists eight offenses that include sexually violent offenses, oral copulation with a child under age 14, homicide or attempted homicide, solicitation to commit murder, assault with a machinegun on a peace officer, possession of a weapon of mass destruction, and any serious or violent felony offense punishable by life imprisonment or death—offenses colloquially referred to as "super strikes." (§ 667, subd. (e)(2)(C)(iv)(I)–(VIII); *People v. Whitmill* (2022) 86 Cal.App.5th 1138, 1149.)

### III. Analysis

Defendant argues that the trial court abused its discretion in denying his motion for mental health diversion. The People agree. We accept the People's concession. In this case, we agree with the parties that the record shows that the trial court's ruling failed to apply the correct legal standards to defendant's diversion request.

As noted above, after finding defendant eligible, the court denied him diversion because he was unsuitable based on the determination that he targeted vulnerable people. This ruling rests on a legal error because the court did not apply the four statutory suitability criteria found in section 1001.36, subdivision (c), which require the court to consider whether his symptoms would respond to mental health treatment; whether he consented to diversion and waived his right to a speedy trial; whether he agreed to comply with treatment as a condition of diversion; and whether he would pose an unreasonable risk of danger to public safety. (See, e.g., *Grossmont Union High School Dist. v. Diego Plus Education Corp.* (2023) 98 Cal.App.5th 552, 584 [trial court applied an incorrect legal standard when it did not apply one of the essential components for deciding whether fees should be awarded under the applicable fee statute].)

Additionally, "denial of mental health diversion using [a court's] residual discretion should be limited to those situations where the purposes of the statute would not be achieved." (*Vaughn v. Superior Court, supra*, 105 Cal.App.5th at p. 138.) Here, the trial court relied on its observation that defendant targeted vulnerable victims but failed to tie that observation to achieving the purposes of the statute, and the " 'strong legislative preference for treatment of mental health disorders because of the benefits of such treatment to both the offending individual and the community.' " (*Gomez v. Superior Court, supra*, 113 Cal.App.5th at p. 691.)

By applying the wrong legal standard, the trial court abused its discretion in denying defendant's motion for mental health diversion. (See *People v. Moine, supra*, 62 Cal.App.5th at p. 449.)

## DISPOSITION

Defendant's no contest plea is conditionally vacated, and the judgment is conditionally reversed. The matter is remanded to the trial court to conduct new proceedings on defendant's motion for mental health diversion in accordance with section 1001.36 and consistent with this opinion. If the trial court grants defendant's motion for mental health diversion, the no contest plea is vacated and the judgment is reversed. If the trial court again denies mental health diversion, defendant's no contest plea and the judgment shall be reinstated.